## CITY OF FORT WORTH et al. v. ROSEN. (No. 172–3191.)

(Commission of Appeals of Texas, Section B. March 16, 1921.)

1. **Limitation of actions ⬡51(2)—Default as to installment causes statute to run from date of accelerated maturity.**

The effect of a provision in a series of installment notes that a failure to pay any installment when due shall mature all deferred payments matures all the installments without reference to the intention of the holder, and limitations begin to run from the date of the maturity of the installment thus permitted to pass maturity.

2. **Limitation of actions ⬡193—Waiver of provision as to accelerated maturity must be pleaded.**

Plaintiff in an action on a series of notes providing that all payments should mature upon default in payment of installment cannot contend that the parties waived the provision as to accelerated maturity in the absence of an allegation as to such waiver in avoidance of defendant's plea of limitation.

3. **Limitation of actions ⬡183(3)—Plea of limitations held sufficient as respects accrual of cause of action.**

In an action on notes containing provision that the whole debt would mature on failure to pay installment, defendant's plea "that plaintiff's debt * * * is barred by the two-year statute of limitation, plaintiffs' said cause of action, if any they have or had, having accrued more than two years before their suit was filed, and defendant pleads the two-year statute of limitations in bar of any recovery herein," was sufficient as against an objection that it did not set forth the facts upon which defendant relied, since plaintiff was charged with knowledge that the statute of limitation began to run against the whole debt from the maturity of the installment upon which default was made.

4. **Appeal and error ⬡194(1)—No complaint of general plea of limitations in absence of special exceptions.**

If plaintiffs were entitled to have a plea of limitations set forth more specifically the facts giving rise to its effectiveness, they cannot complain of its generalization in the absence of special exceptions.

5. **Limitation of actions ⬡193—One setting up statute must prove every fact necessary to sustain plea.**

One asserting limitations must prove every fact necessary to sustain his plea.

6. **Limitation of actions ⬡202(2)—Where court sustained plea, presumption arises that suit was filed after lapse of statutory period.**

Where trial court has sustained the plea of limitation, and the record is silent as to the time of commencement of the suit, it will be presumed that it was filed after the lapse of the statutory period necessary to bar the action.

7. **Municipal corporations ⬡564—Limitations governing vendors' liens and deeds of trust not applicable to improvement certificates.**

Actions on improvement certificates are not governed by the four-year statute of limitations, relating to vendor's and deed of trust liens.

Opinion of Supreme Court on Consideration of Report of Commission of Appeals.

8. **Appeal and error ⬡1082(1)—Question of practice not within jurisdiction of Supreme Court.**

Question as to the correctness of trial court's action in refusing to allow plaintiff to withdraw its announcement and file a supplemental petition is one of practice, not within the jurisdiction of the Supreme Court to review on writ of error to Court of Civil Appeals.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by the City of Fort Worth and others against Sam Rosen. From a judgment of the Court of Civil Appeals (203 S. W. 84) affirming a judgment for defendant, plaintiffs bring error. Affirmed.

T. J. Powell and Charles Kassel, both of Fort Worth, for plaintiffs in error.

Flournoy, Smith & Storer, of Fort Worth, for defendant in error.

SADLER, P. J. An understanding of this record, as well as the decision of the questions involved, is fraught with difficulty. Neither from the pleadings nor from the statement of facts are the issues clearly presented.

December 12, 1911, the board of commissioners for the city of Fort Worth, in pursuance of its charter, provided for the pavement of North Twenty-First street from Main to Canal avenue. The city entered into a contract with Roach-Manigan Paving Company to do the work, after having assessed the cost of the entire improvement.

We gather from the record that Rosen owned two pieces of property abutting on

---

this street. The commissioners apportioned to each piece of property its pro rata of the total cost of the improvement. Two separate improvement certificates were issued, payable in three equal annual installments. The certificates were dated November 26, 1912. The first installment fell due 30 days, the second one year, and the third two years, after date. The amount and maturity of each installment was evidenced by coupons attached to each certificate. Installments paid within 30 days of the date of the certificate bore no interest; but, if not so paid, then such as were paid on or before maturity were to bear interest at the rate of 6 per cent. A failure to pay any installment when due matured all deferred payments. If default was made in the payment of any installment when due, all the assessments remaining unpaid bore interest from date at the rate of 8 per cent. per annum. The owner of the property had the right to pay and discharge any installment before maturity by paying the principal with accrued interest to such date of payment.

These certificates were delivered to Roach-Manigan Paving Company by the city upon its obligation to the company under the contract for the improvement. The city, however, was obligated to enforce the collection of the certificates for the benefit of the contractor or its assignees.

Two suits were filed by the city for the benefit of Roach-Manigan Paving Company in the district court of Tarrant county, one on certificate No. 16, being cause No. 38684, and one on certificate No. 13, being cause No. 38385, to recover unpaid installments on each, being Nos. 2 and 3. The date on which these suits were filed is not shown in the statement of facts or in the pleading. The causes were consolidated and tried under amended petitions. The suits were for the recovery on the installments and foreclosure of liens against the real estate under the provisions of the charter.

Plaintiff alleged that installment No. 1 on each certificate had been paid. Defendant pleaded the bar of statute of two-year limitation as follows:

"Defendant further alleges that plaintiffs' debt, if any they have, against this defendant, for said alleged paving of Twenty-First street, is barred by the two-year statute of limitation, plaintiffs' said cause of action, if any they have or had, having accrued more than two years before their suit was filed, and defendant pleads the two-year statute of limitation in bar of any recovery herein."

A general denial and special pleas were interposed, which are not necessary to be considered. On the trial before the court, plaintiff introduced the certificates.

The amended petitions were filed October 3, 1916. They do not recite the dates upon which the original petitions were filed. The defendant's first amended answer was filed on the same date, without disclosing the date upon which the original answer was filed.

After the introduction of the certificates together with the installment coupons upon which suit was brought, and evidence touching the reasonable value of services of an attorney, plaintiff rested its case. The defendant then introduced evidence showing that one payment of $354.22 was made on these certificates after the maturity of the first installments. But just when this payment was made is not clear; the check evidencing the payment being dated March 1, 1913, and passing through the clearing house February 15, 1913. However, the evidence shows that this sum was in payment of the first installment maturing December 26, 1912. Notwithstanding this discrepancy in the date of the check and the date of clearance, there is other testimony which shows that the first installments were not paid at maturity.

Trial was had on October 3, 1916, and after the evidence was in defendant asked for judgment on his plea of limitation, "and it was the judgment of the court, after due consideration, that the defendant was entitled to judgment in his favor on the plea of the statute of limitation filed by him." Thereupon plaintiff requested time to investigate the question before the court should render his judgment, and on November 20, 1916, filed a motion to withdraw his announcement and postpone the hearing. This motion was supported by affidavits. At the same time it filed a motion for leave to file nunc pro tunc supplemental petition, which motion was accompanied by the proposed supplemental petition and supported by affidavits. On the 29th day of November, 1916, these motions were refused, and judgment rendered for the defendant on his plea of limitation.

The plaintiff appealed from the judgment, assigning many errors, the principal of which are that the plea of limitation is insufficient, in that it does not set forth the facts upon which the defendant relied to show the maturity of the installments involved in this suit, that the defendant failed to sustain his plea by proof, and that the court erred in refusing the motions filed by the plaintiff. The Court of Civil Appeals overruled all of the assignments, and affirmed the judgment of the trial court. 203 S. W. 84.

In view of the question arising on the court's refusal to grant the motions made by the plaintiff, it is deemed advisable to make a fuller statement of the facts disclosed upon the trial, as well as the evidence presented in support of the motions and in support of defendant's opposition thereto. On the trial Rosen testified:

"I made one payment on this paving, amounting to $354.22, on March 1, 1913, but I have

not paid any amount since that time. I paid off the first installments on each of these assessments. I paid off the installment that fell due December 26, 1912, and it is not a fact that the reason I did not pay that promptly at the time was that I asked the company to wait on me a few months and I would pay them. That is not the case. They promised me they would make it all right on account of the double track that was supposed to be there at the time I paid them the tax. I didn't pay the first installment when the certificate was first issued because they had not done like they said they would do on account of the double track. They promised they would make it all right, they would allow me for the double track, but he couldn't do it at the time."

"Q. You delayed the payment of that first installment while you were negotiating with them? A. I was negotiating with them; they came over to see about the payment.

"Q. You finally paid it? A. And I paid it on that basis. I expected to pay the remainder as quick as it was due. I told them I would pay them if they would allow me for the double track."

John L. Terrell testified for plaintiff in relation to reasonable attorney's fees:

"In a case in which principal and interest amounts to about $400 or $450, which is sued upon with a lien decreed against the property, and sundry defenses are made, including an attack upon the validity of the ordinance and the legality of its provisions for attorney's fees, and questions are raised as to the paving being properly done and questions connected with limitation based upon certain payments made on the debt, it being claimed that the entire action was barred by limitation, and its necessity to investigate all questions," etc.

W. C. Pope testified for plaintiff that he was connected with the Roach-Manigan Paving Company, and had been since April, 1911, with about 10 months' intermission; that he knew the two certain paving certificates issued in favor of the Roach-Manigan Paving Company against Sam Rosen, and collected the first installment on each of these certificates. He said:

"I remember I waived the interest which had accrued up to that time to induce him to pay the first installment. If anything was said by anybody in that conversation with regard to railroad track or double tracks or anything of that kind, I do not remember it. I only demanded from defendant, Rosen, what was due at that time, the first installment, and did not demand the second and third installments. It was understood I was collecting the first installment. I had no authority to ask him to pay something that was not due. I do not remember whether I made any statement whatever to Mr. Rosen with regard to the second and third installments. I had no agreement with him. I may have told him I would not come to see him any more until the other was due. I did not go to see him any more until the other was due, and I did not send him notice of any kind before it was due. Nothing was said to Rosen about the second and third installments being considered as matured by the company, and nothing was said to Mr. Rosen by me as to its not being considered to be matured. If there was anything said at all, it was that I would agree to waive the interest on the remainder of it if he would pay it all, just as I did the first installment. I know it could not have been anything else, for I had no authority to make any agreement with him. It is my recollection that I told him that, but he did not take me up on that offer and only paid the first installment."

## Opinion.

[1] The effect of a provision in a series of installment notes that "a failure to pay any installment when due shall mature all deferred payments" is fully discussed and authoritatively determined in San Antonio, etc., Association v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864. It is there held that under such a provision the debt matures upon default in payment, and matures all the installments without reference to the intention of the holder, and that limitation begins to run from the date of the maturity of the installment thus permitted to pass maturity by virtue of the accelerating clause. The same doctrine is announced in Heirs of Rogers v. Watson, 81 Tex. 400, 17 S. W. 29.

[2] While the pleading of the plaintiff does not present a question of waiver, it is, however, contended that, even though the whole debt matures, yet the parties may waive that provision. The Stewart Case, supra, seems to sustain the proposition of waiver. But in the instant case it cannot avail the plaintiff. There is no pleading presenting anything in excuse or avoidance of the plea of limitation, nor suggestive of a waiver of the accelerating maturity clause in these certificates.

[3] The plea of limitation is sufficient. The holder of these certificates is charged with knowledge of the provision and that the failure to pay any installment at its maturity will mature all deferred installments. They are also charged with knowledge that the statute of limitation begins to run against the whole debt from the maturity of the installment upon which default is made. They knew the date of payment and of the filing of their suit. The plea of limitation, therefore, put them upon notice of facts in their possession, effecting the bar of the statute. They are in no position to say that the pleading is insufficient to put them on notice that the plaintiff would insist on an accelerated maturity of the obligations upon which the recovery is sought.

[4] However, if they were entitled to have the plea set forth more specifically the facts giving rise to its effectiveness, they cannot complain of its generalization in the absence of special exceptions.

[5, 6] It is contended, however, that if the plea shall be held sufficient, and if the debt

actually matured under the accelerating clause without the exercise of an intention to mature on the part of the holder, the defendant has failed to establish his plea, in that it does not appear from the record when the petitions were filed, and that therefore defendant has failed in his proof. This position is not tenable. It is true that one asserting limitation must prove every fact necessary to sustain the plea. Barnet v. Houston, 18 Tex. Civ. App. 134, 44 S. W. 689; Clark v. Hills, 67 Tex. 149, 2 S. W. 356. However, where the trial court has sustained the plea of limitation, and the record is silent as to the commencement of the suit, it will be presumed that it was filed after the lapse of the statutory period necessary to bar the action. Moody v. Moeller, 72 Tex. 637, 10 S. W. 727, 13 Am. St. Rep. 839.

[7] It is contended by the plaintiff that under the statute relating to vendor's and deed of trust liens it has four years in which to bring suit, and that on the face of the pleadings and from the facts the bar had not operated against recovery. A sufficient answer is that the debt here sued upon and the lien sought to be foreclosed are not comprehended by these statutes. They are limited to the particular liens mentioned.

The error assigned to the court's refusal to permit withdrawal of the announcement and the filing of a supplemental petition by the plaintiff have given us much trouble. Unless we can say as a matter of law upon the facts presented that the trial court abused his discretion in this regard, its disposition is final. We have given this question very careful consideration, and are of opinion that plaintiff has not shown such an abuse of discretion by the trial court as will authorize a reversal of the case. It does not appear that the plaintiff could have presented by the pleading and proof a state of facts which would have excused or avoided the effect of the plea of limitation. The facts set up in the supplemental petition sought to be filed are not supported by the attached affidavits, nor by the evidence presented on the trial. However, if the affidavits are held to do so, the contest by the defendant to the two motions raised issues of fact which the trial court found against plaintiff on the right to withdraw the announcement and file supplemental petitions, and we are not able to say that there is presented an abuse of the trial court's discretion under the condition in which the record appears.

We are of opinion that the judgment of the Court of Civil Appeals ought to be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

[8] The question as to the correctness of the trial court's action in refusing to allow the plaintiff to withdraw its announcement and file further pleading is one only of practice, and under the facts we do not regard it as within the jurisdiction of the Supreme Court.