## REAL ESTATE LAND TITLE & TRUST CO.
### v. BERYLE et al.
### No. 1456.

Court of Civil Appeals of Texas. Eastland. Nov. 22, 1935.

Rehearing Denied Dec. 20, 1935.

Earl Wyatt, of Amarillo, for appellant.

P. Edward Ponder, of Sweetwater, for appellees.

GRISSOM, Justice.

Appellants sued appellees for. debt and foreclosure of a lien based upon a certificate of assessment for street paving. Upon a trial before the court without a jury, the court sustained the defendants' pleas of limitation and homestead and rendered judgment for appellees, from which the plaintiffs below have prosecuted their appeal to this court.

The suit was originally filed December 9, 1930, against appellee Beryle only. At the institution of the suit the certificate sued upon was not barred by limitation. On December 10, the clerk properly prepared citations in the case. On September 5, 1933, some kind of answer, plea of limitation, or otherwise, was filed by the defendant Mrs. Beryle. This instrument is not in the record, and the evidence is conflicting as to its contents. On August 10, 1934, plaintiffs filed their amended petition, making additional parties defendant, and asking judgment only of foreclosure of its lien against the new defendants. Citation was promptly issued and served upon the new defendants. All defendants then filed an answer containing, among other things, pleas of limitation

**768**

and homestead, which pleas were sustained by the court.

Appellants by eight assignments of error complain of the action of the court in sustaining the defendants' plea of limitation.

■ In the original petition, filed December 9, 1930, the plaintiffs, by virtue of a provision in the certificate giving them that authority, declared all installments of the certificate sued on immediately due. Article 5526, subd. 4 (Rev.St.) provides: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * * 4. Actions for debt where the indebtedness is not evidenced by a contract in writing." The quoted section is applicable to this suit. City of Cisco v. Varner (Tex.Civ.App.) 8 S.W.(2d) 311, affirmed (Tex.Com.App.) 16 S.W.(2d) 265; Thompson v. Thurber Brick Co. (Tex.Civ.App.) 42 S.W.(2d) 93. Plaintiffs' pleadings show that this is not a suit upon a contract but assert liability of defendants by virtue of a compliance with statutes applicable to paving liens.

We think the plea of limitation is sufficient in the absence of special exception thereto. City of Fort Worth v. Rosen (Tex.Com.App.) 228 S.W. 933.

■ The filing of suit ordinarily tolls the statute of limitation if plaintiff has a bona fide intention that process be promptly issued and served. However, if after the suit is filed plaintiff knew, or by the exercise of ordinary diligence should have known, that the process was not served, and for almost three years after the filing of the suit failed to exercise ordinary diligence to obtain service of process on the defendant, the statute of limitation was not tolled, and the suit under the article and subdivision quoted above became barred by limitation. A plaintiff must exercise the diligence that an ordinary, prudent person would have exercised to obtain service of process on the defendant. The question as to whether appellants were diligent was one of fact. Morgan v. Hardy et al. (Tex.Civ.App.) 57 S.W. (2d) 204; Meyer v. Pecos Mercantile Co. (Tex.Civ.App.) 47 S.W.(2d) 435.

The evidence is deemed sufficient to authorize the court to find: (1) That the citation prepared by the clerk the day following the filing of the suit, to wit, December 10, 1930, remained in the clerk's office until the trial of the case, October 26, 1934; that it was never in the hands of a proper officer for service on the defendant Mrs. Beryle; and that she was never served with citation; that she had been a resident of Nolan county since 1901, and continued to reside there until about January, 1933. (2) That plaintiffs' attorney resided at the county seat where the suit was filed, and where Mrs. Beryle resided; that plaintiffs' special agent checked the papers in the case in the clerk's office, knew the suit was filed, and knew, or could have known by the exercise of ordinary diligence on his several visits to Sweetwater in connection with the case, that no service had been had upon Mrs. Beryle, and that citation had never reached the hands of a proper officer for service, and that nothing was done toward the prosecution of the suit from the preparation of citations by the clerk on December 10, 1930, until after the filing of a plea of limitation by Mrs. Beryle on September 5, 1933—about two years and nine months' delay.

■ Under the situation here disclosed, we are of the opinion that the court did not err in sustaining defendants' plea of limitation. The trial court was certainly justified by the evidence not only in finding that plaintiff did not exercise that diligence to procure service which an ordinary prudent person would have used in the same or similar circumstances, but that there was an utter lack of diligence during the period mentioned in obtaining service upon the original defendant. Allen v. Masterson et al. (Tex.Civ.App.) 49 S.W.(2d) 855; Owen v. City of Eastland (Tex.Com.App.) 78 S.W.(2d) 178; Meyer v. Pecos Mercantile Co., supra; Austin, Banking Com'r v. Proctor (Tex.Civ.App.) 291 S.W. 702; 28 Tex.Jur. § 102, p. 196.

If the debt of Mrs. Beryle was barred by limitation, then it would be immaterial whether or not the plea of limitation as to the remaining defendants should have been sustained, since the only judgment prayed for as to them was one of foreclosure.

We will now briefly consider appellants' assignments with reference to the decision that the property was exempt from foreclosure because homestead.

The record reveals that Mrs. Beryle and her husband became the owners of lots 1 and 2, block 10, in 1901. These lots were 50x140 each. Mrs. Beryle at one time executed a deed of trust on lot 1 and the north 10 feet of lot 2, reciting in such instrument that same was not her homestead. The lots

face east on Ash street with a frontage on said street of 100 feet. The residence built in 1901 was on the northeast corner of this property. The street that was paved was West North Third street. Lot 1 adjoins this street for a distance of 140 feet. Mr. Beryle died in 1912. Some time thereafter Mrs. Beryle built a house on the east end of lot 2 facing Ash street and built a garage on the northwest corner of lot 2, the garage facing west on the alley and containing space for three automobiles. The garage was used by the occupants of the three houses herein mentioned. Her residence was on the east end of lot 1 and faced Ash street. She also built another house on lot 1. It was located about 40 feet west of her residence. These two new houses have been rented when they could be rented since 1915. The new house on lot 1 in the rear of Mrs. Beryle's residence faces on West North Third street. Lot 2 does not abut upon West North Third street, but lot 1, which is 50 or 60 feet wide, intervenes between it and the paved sreet.

 The charter of the city of Sweetwater, a home-rule city, limits the costs of improvements of this character to property abutting upon the highway to be so improved. The court will take judicial notice of the provisions of such charter. We, therefore, conclude that lot 2 was not subject to the lien sought to be imposed upon it. City of Sweetwater v. Foster (Tex.Civ.App.) 37 S.W.(2d) 799; City of Amarillo v. Tutor (Tex.Com.App.) 267 S.W. 697–701; article 1175, R.S. 1925, subd. 16; Millan v. City of Chariton, 145 Iowa, 648, 124 N.W. 766; People v. Willison, 237 Ill. 584, 86 N.E. 1094.

█ The only proof as to the relationship between Mrs. Beryle's residence on lot 1 and the new house built on said lot is that the new house is about 40 feet to the rear of such residence, that there has never been a fence dividing the property, nor is there other proof of segregation. There is no testimony as to what portion of the lot was used by those renting the house, nor proof as to the size of the houses or of the use of the portion of the lot not occupied by the two houses, and there is nothing in the record to enable the court "to fix any arbitrary line by which the property comprising the homestead could be separated from the rented property." City of Amarillo v. Loden (Tex.Civ.App.) 22 S.W.(2d) 969, 970. Also, see Whitley v. Alexander (Tex.Civ. App.) 198 S.W. 173; 22 Tex.Jur. § 77, p.

111; 29 C.J. § 376, p. 948; Foreman v. Meroney, 62 Tex. 723.

In most, if not all, of the cases relied upon by appellants, there was not only an abandonment shown as to a portion of the premises, but a definite segregation of the homestead and abandoned premises, either by proof of detachment by inclosures, or by contract definitely fixing or defining the abandoned portions. That is not true in this case. If plaintiffs established an abandonment of a portion of lot 1 by proof of renting a house of some kind located on said lot, and by proof established a use of a portion of that lot inconsistent with her claim of homestead as to that portion, still plaintiffs wholly failed to prove such facts as would enable the court to separate that property which remained homestead and that which was abandoned.

Perceiving no reversible error in the judgment of the trial court, its judgment is affirmed.