## UVALDE PAVING CO. v. TOWNSEND et ux.
### · No. 11900.

Court of Civil Appeals of Texas. Dallas.
March 14, 1936.

Rehearing Denied April 11, 1936.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

J. N. Townsend, of Dallas, for appellees.

JONES, Chief Justice.

Appellant, Uvalde Paving Company, under a valid contract with the city of University Park, paved Turtle Creek boulevard, in said City, under the provisions of chapter 9, title 28, R.C.S.1925 (article 1086 et seq.). The city of University Park had theretofore adopted the provisions of chapter 9 of title 28, R.C.S., and all of the statutory requirements were complied with in the making of said contract. Said city duly adopted the assessment ordinance and, except as to exempt property, duly fixed the statutory lien on all abutting property as well as a personal obligation against all abutting property owners. Appellees, J. N. Townsend and wife, owned property abutting on said improved street, which was their homestead. As the city, by ordinance, could not create a lien against this homestead property of appellees, they duly executed to appellant a mechanic's lien contract. A controversy having arisen between appellant and appellees as to the amount of the front footage owned by appellee on the paved street, this suit was instituted by the city of University Park, with appellant as intervener, to recover an alleged balance of $110.42, with interest and a reasonable attorney fee. As the Uvalde Paving Company is the real party at interest, the term "appellant" will apply to it. The suit was tried to the court, and judgment rendered in favor of appellees. An appeal has been duly perfected.

The paving contract was on the basis of $6.447 per front foot, with an additional charge of 46 cents per front foot for the curbing. The mechanic's lien contract, executed by appellees to appellant, was based on appellees' property having a front footage of 90 feet, and designated a debt of $580.23 for paving, $41.40 for curbing, or total of $621.63. This contract recited that the curbing was to be constructed at 46 cents per front foot, and the paving $6.447 per front foot. The contract also provided for payment, in five equal installments, the first installment to be due after the completion of the improvements and acceptance by the city, and an installment each year thereafter, until all five installments were paid. The fifth installment matured December 15, 1929. The

90-foot frontage, designated in the contract, is shown to have been an estimate, in that the contract recites that: "If said premises shall be ascertained to exceed the frontage above stated, the cost for such excess shall be paid for at said rate per front foot, but if the frontage shall be less than the amount above stated a deduction shall be made therefor at said rate per front foot." Another provision in the mechanic's lien contract is: "This instrument is collateral to and cumulative of the obligations of said assessment and certificate issued thereon to the amount of said assessment, and all payments made upon said assessment shall operate as a credit hereon." This mechanic's lien contract was executed August 27, 1925.

On December 15, 1925, the city of University Park duly issued a special assessment certificate, containing all of the statutory requirements, and naming the amount of the assessment against appellees and their property at the sum of $835.75, providing for the payment of said amount in five equal installments, the first to be paid on December 15, 1925, and one to fall due on each December 15th thereafter—one, two, three and four years, respectively. Both the assessment certificate and the mechanic's lien contract call for interest at the rate of 8 per cent. per annum, payable annually. A reasonable attorney fee is also provided for, in the event it became necessary to institute suit on any amount past due, and the parties agreed that, in the event appellant recovered judgment against appellees, $25 would be a reasonable attorney fee.

There is no controversy between the parties as to the amount that appellees have paid. The controversy arises out of the amount of front footage of pavement abutting appellees' property. The city of University Park, in the assessment certificate, placed the front footage at an amount that would make the aggregate cost·of the paving and the curbing $835.75, and on this estimate there would be due appellant the principal sum of $110.42, with interest at the rate of 8 per cent. per annum from December 15, 1929, the date the last installment matured, together with a reasonable attorney fee. Appellees claim that the front footage was 102.8 feet and that on such estimate they have overpaid the paving indebtedness to the extent of approximately $52.

Three witnesses testified as to the front footage of appellees' property, and the testimony of each differed as to the measurement. Appellee J. N. Townsend testified that it measured 102.8 feet; West, the county surveyor, testified that it measured 109.0 feet; and Reagan, another competent surveyor, testified that it measured 130.5 feet. Either on the basis of 102.8 or 109.0 feet, appellees overpaid appellant. If the latter measurement be accepted, this overpayment is approximately $11. If Reagan's measurement be accepted, then appellees are indebted to appellant in the amount of the sum asked for in the suit. If the estimate of the front footage made by the city be taken as conclusive of this issue, then appellees are indebted to appellant in the amount claimed by appellant, because the sum claimed represents the difference between the conceded payments made by appellees and the sum of $835.75 named in the paving certificate issued by the city of University Park. It is the theory of appellant that the sum named in the paving certificate is conclusive, for the reason that appellees instituted no suit within the statutory period of ten days to correct the alleged error in the amount of the paving certificate. Appellant objected to any evidence that would tend to contradict the front footage estimate, as determined by the city of University Park, and only offered the evidence of the witness Reagan as to this measurement, after the court had overruled such objection. Is appellant correct in this contention?

Appellant, by allegations in its petition, made both the special paving certificate and the mechanic's lien contract a basis for the suit. Appellees, as against the cause of action alleged on the paving certificate, pleaded the two-year limitation statute, and pleaded their homestead exemption against the creation of a lien by paving ordinances adopted by the city of University Park. As against the cause of action alleged on the mechanic's lien contract, appellees pleaded that the property involved was their homestead, and that the lien created by the mechanic's lien contract is governed solely by the terms of such contract, and that under the terms of said contract the indebtedness created as the sole basis for such lien had been discharged, and that thereby the lien ceased to exist. The two-year statute of limitation (Rev.St.1925, art. 5526), applies to a cause of action arising on a paving certifi-

cate. Real Estate Land Title & Trust Co. v. Beryle (Tex.Civ.App.) 88 S.W.(2d) 767; City of Fort Worth v. Rosen (Tex.Com. App.) 228 S.W. 933.

The cause of action for the debt based on the certificate of assessment was defeated by the plea of limitation leveled against it, and such certificate is no basis for a recovery in this suit. Appellant therefore is relegated to its cause of action under its mechanic's lien contract, and must rely solely thereon.

The first clause of the mechanic's lien contract recites: "We, J. N. Townsend and wife, Mrs. J. N. Townsend, owners part of Block & fronting 90.0 feet on the East side of Turtle Creek Boulevard Street in the Town of University Park, Texas" (then follows a description of the property). This clause also recites that, "in consideration of excavating, grading and paving and constructing curbs and gutters and otherwise improving said premises in said street under the terms of the contract between the town of University Park and the Uvalde Paving Company, and the specifications therein referred to, do hereby undertake and agree to pay to Uvalde Paving Company the sum of Six Hundred Twenty One and 63/100 ($621.63) Dollars, being $41.40 for curbing and $580.23 for paving and guttering and other improvements, being at the rate of $0.46 per front foot for curb and at the rate of $6.447 per front foot for other improvements, exclusive of curb."

There is another paragraph in this contract which declares that, if the front footage "shall be ascertained to exceed the frontage above stated, the cost for such excess shall be paid for at said rate per front foot, but if the frontage shall be less than the amount above stated a deduction shall be made therefor at said rate per front foot."

No reference is made in this mechanic's lien contract to the paving certificate, later to be issued by the city of University Park, nor that the indebtedness secured by this mechanic's lien is to be in the same amount as that named in the paving certificate. On the other hand, this mechanic's lien contract is specific as to the amount of the debt thereby secured. This debt is not necessarily the sum of $621.63 specified in the contract, but is such sum as the actual front footage shall determine, at the rate of 46 cents per front foot for curb, and at the rate of $6.447 per front foot for paving and guttering. This is the indebtedness appellees voluntarily secured by a lien on their homestead, through the execution of the mechanic's lien contract. The court did not err in allowing competent evidence to determine the actual frontage of appellees' property on the paved street.

The special paving certificate did not evidence a lien for any amount against appellees' homestead, for a lien on a homestead cannot be created in such manner. Such certificate only evidenced a personal indebtedness against J. N. Townsend, and, as we have seen, this personal indebtedness was defeated by the plea of the two-year statute of limitation; but this plea of limitation did not apply to the personal indebtedness created by the mechanic's lien contract in the same sum for which the lien was created by the execution of such contract, and J. N. Townsend did become personally indebted to appellant in said sum.

The court having found, and such finding being sustained by evidence, that appellees had discharged the existing personal indebtedness, such finding is binding on this court, and renders necessary the affirmance of this case.

Judgment of the lower court is affirmed.