CITY OF GAINESVILLE ET AL V. NILLA VAN SLYKE HARDER ET AL.

No. 7850.  Decided March 25, 1942.
Rehearing overruled May 27, 1942.
(162 S. W., 2d Series, 93.)

*Earl Wyatt,* of Amarillo, for plaintiffs in error.

*John Atchison* and *W. O. Davis,* both of Gainesville, for the defendants in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

On or about December 4, 1929, the City of Gainesville, Texas, after certain preliminary steps, passed an ordinance levying special assessments for a part of the cost of paving Scott Street in such city. Based on the above assessment ordinance, the City on June 20, 1930, issued to the Jagoe Construction Company the paving certificate made the basis of this suit. Such certificate was in the principal sum of $351.73. It was dated June 20, 1930, and on its face was made payable in five equal installments, one due on the date of issue, and the other four due within one, two, three, and four years, respectively, from such date. Such certificate provided for eight per cent. interest and a reasonable attorney's fee. It also contained the usual default maturity clause. As issued, such certificate purported to create a lien against a part of Lots 2 and 3, Block 11, Scott Addition to the above named city. Also, it purported to create a personal liability against the owners of such lots.

At the time the ordinance levying this assessment was passed, and at the time the preliminary proceedings relating thereto were had, the above-mentioned part of Lots 2 and 3 was owned by Mrs. Blanche Mason, a widow, and her three brothers, L. A., Alonzo, and E. N. Wasson. These four parties had inherited the property from their deceased father and mother. At such time Edgar Van Slyke held a vendor's lien against this property to secure certain purchase money notes, given by the father of the four above-named owners. Also, at the above stated time, Mrs. Mason was living on this property as her homestead, as the surviving unmarried daughter of her deceased parents. At this point we understand that the plaintiffs in error here do not contend that the paving certificate here involved operated to fix any lien on on Mrs. Mason's one-fourth interest in this property. In this connection, we understand that only the three-fourths interest formerly owned by Mrs. Mason's three brothers, above named, is involved; but, be that matter as it may, this will make no difference in the result of this case, as will later appear.

On June 20, 1933, a suit was instituted in the District Court of Cooke County, Texas, by the City of Gainesville, Texas, for and on behalf of the then owner of this paving certificate. The original papers in the above suit were lost, and they have never been found. It is admitted that the original petition named only Mrs. Blanche Mason and Edgar Van Slyke as defendants. It is also admitted that at the time this suit was first filed, on June 20, 1933, the first installment due on this certificate on

the date of issue had been paid; but default had been made as to the other installments falling due subsequent to such date. It is also conceded that the above-mentioned original petition expressly exercised the default maturity provision of this certificate, and declared the entire unpaid portion thereof matured. We understand that the original petition only sought to foreclose this certificate as a lien against this property.

There is some evidence that when this suit was filed on June 20, 1933, citation issued as to both Mrs. Mason and Van Slyke. There is no showing that either citation was ever served, or even placed in the hands of an officer for service. In fact, the record in this case is silent as to service or attempt at service.

It is undisputed that no steps were taken to prosecute this suit, after it was filed, until October 19, 1937,—when a substituted pleading was filed by agreement of the parties then interested. The pleading of October 19, 1937, is not in the record. On October 12, 1938, the City of Gainesville, together with the owners of this paving certificate, filed an amended petition, wherein Mrs. Blanche Mason and her three above-named brothers were named as defendants. Also, this last-named petition named Esther Van Slyke, a feme sole, Nilla Van Slyke Harder, individually and as independent executrix of the estate of Edgar Van Slyke, deceased, and Philip Harder, her husband, as defendants. We understand that Mrs. Mason was later dismissed from the case. Edgar Van Slyke was dead at the time this last petition was filed.

There seems to be no question about the fact that this suit was finally prosecuted by the parties entitled to do so. The present owners of this certificate were parties plaintiff, as well as the City of Gainesville.

We shall not attempt to trace in detail the title to the land here involved. It is sufficient to say that at the time this suit was filed, on June 20, 1933, it belonged in fee simple to Edgar Van Slyke. He had acquired title by mesne conveyances from Mrs. Mason and her three brothers on August 9, 1930, in consideration of the cancellation of his notes against the same. Neither Mrs. Blanche Mason nor any of her three brothers have had any interest in this land since the date last above mentioned, nor have they claimed any.

The prayer to the plaintiffs' petition in the district court

prays for judgment foreclosing their asserted statutory paving lien against this property. No personal judgment is sought against any defendant.

From the statement we have made it is evident that no defendant has any interest in this suit except Esther Van Slyke, Nilla Van Slyke Harder, individually and as independent executrix, and her husband, Philip Harder. We shall not detail their pleadings. It is sufficient to say that they fully raise the question of limitation; which we shall decide.

At this point it will be noted that if the plaintiffs are not entitled to judgment of foreclosure against the present owners of this property, they are certainly not entitled to foreclosure against the defendants who own no interest therein, and have owned no interest since before this suit was first filed, in 1933. In fact, we do not understand that the plaintiffs seek a judgment of foreclosure against any defendant who does not own this land, unless they can also have one against the present owners.

Trial of this case in the District Court of Cooke County, Texas, resulted in a judgment against the plaintiffs. On appeal this judgment was affirmed by the Court of Civil Appeals. 147 S. W. (2d) 959. The City et al bring error.

■ From the statement we have made it appears that this suit was filed to enforce this certificate as a lien only against Mrs. Mason and Edgar Van Slyke on June.20, 1933. We think the filing of such suit would have tolled the statute of limitation as to the lien claimed against this property, in so far as the defendants then made parties were concerned, had such filing been followed by due diligence to have process issued and served upon Mrs. Mason and Edgar Van Slyke. In this connection, it is the settled law of this State that the mere filing of a petition in a suit does not toll the statute of limitation. There must be a bona fide intention that process be issued and served, and due diligence must be exercised in such regard. Tribby v. Wokee, 74 Texas 142, 11 S. W. 1089; Raley v. D. Sullivan & Co. (Com. App.), 207 S. W. 906; Owen v. City of Eastland, 124 Texas 419, 78 S. W. (2d) 178; First State Bank & Trust Co., of Rio Grande City v. Ramirez, 133 Texas 178, 126 S. W. (2d) 16; Ricker v. Shoemaker, 81 Texas 22, 16 S. W. 645; Hannaman v. Gordon (Com. App.), 126 S. W. 1006; Ferguson v. Estes & Alexander (Civ. App.), 214 S. W. 465; Wood v. Gulf, C. & S. F. Ry. Co., 15 Texas Civ. App. 322, 40

S. W. 24; Panhandle & S. F. Ry. Co. v. Hubbard (Civ. App.), 190 S. W. 793; Ester v. McWhorter (Civ. App.), 182 S. W. 887; Austin v. Proctor (Civ. App.), 291 S. W. 702. The undisputed record in this case shows that no diligence was ever exercised to serve Mrs. Mason and Edgar Van Slyke, or either of them, with citation. It follows that limitation began to run against this entire debt on June 20, 1933. In fact, as to the installments falling due before that date, limitation had already begun to run.

■ Where the owner signs no written contract in regard thereto, a suit to enforce a paving certificate, based on an assessment for street paving, is governed by the two years statute of limitation (Art. 5526, R. C. S. 1925). City of Fort Worth v. Rosen (Com. App.), 228 S. W. 933; Thompson v. Thuber Brick Co., 42 S. W. (2d) 93, (writ refused); McTaggart v. Texas Bitulithic Co. (Civ. App), 132 S. W. (2d) 436; Bauer v. Texas Pacific Coal & Oil Co. (Civ. App.), 100 S. W. (2d) 122; Uvalde Paving Co. v. Townsend (Civ. App.), 92 S. W. (2d) 1128; Real Estate Land Title & Trust Co. v. Beryle (Civ. App.), 88 S. W. (2d) 767. So far as is shown by this record, the plaintiffs made no effort to have Mrs. Mason or Edgar Van Slyke served with citation, after this suit was filed in 1933. An amended petition was filed on October 19, 1937. No citation was issued on that petition. Another petition was filed on August 12, 1938. The defendants here involved answered that petition voluntarily. During the time between June 20, 1933, and August 12, 1938, the two years statute of limitation had run in favor of all of the defendants to this suit. In fact, the two years statute of limitation had already run during the time between June 20, 1933, and October 19, 1937.

We express no opinion as to the validity of this paving certificate in the first instance. For the purpose of this opinion we assume, without deciding, that it was valid. We hold that it was barred by the two years statute of limitation on October 19, 1937, and on August 12, 1938.

The judgment of the Court of Civil Appeals, which affirms the judgment of the district court, is affirmed.

Opinion delivered March 25, 1942.

Rehearing overruled May 27, 1942.