**Ellis J. NAULS, Appellant,**

v.

**John COLBY, d/b/a, Appellee.**

**No. 17347.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 19, 1969.

Rehearing Denied Jan. 9, 1970.

Don Hinds, Yarborough, Yarborough, Johnson & Hinds, Dallas, for appellant.

L. W. Anderson, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellee.

BATEMAN, Justice.

This appeal involves only the question of whether the trial court correctly sustained appellee's plea of the two year statute of limitation (Vernon's Ann.Civ.St., Art. 5526) to appellant's suit for damages on account of bodily injuries alleged to have been inflicted upon him on or about March 17, 1966.

The suit was filed January 31, 1968, well within the two year period, but citation was not issued until December 27, 1968,

more than nine months after the expiration of that period.

■ If the bar of a statute of limitation is to be avoided, not only must the plaintiff file his suit within the statutory period but he must have a bona fide intention also that process be issued and served and must exercise due diligence to have process issued and served. Buie v. Couch, 126 S. W.2d 565 (Tex.Civ.App., Waco 1939, writ ref'd). It is also said in the cited case:

> "[W]hile ordinarily a plaintiff may rely on the clerk to perform his official duty of issuing the citation, yet when he learns, or by the exercise of reasonable diligence should learn, that the clerk has failed to do so, it is then encumbent on him to see that it is done."

This rule is now widely recognized. See Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 631 (1958), and Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, 872 (1956).

Appellant does not quarrel with the rule but says it is inapplicable here because he fully intended that citation issue and the only reason it didn't was the failure of the clerk to comply with Rules 99 and 145, Vernon's Texas Rules of Civil Procedure.

The facts are not in dispute. Simultaneously with the filing of the original petition appellant filed an affidavit of inability to pay costs, and on the same day the district clerk filed his contest of the affidavit. This was set by the court for hearing on February 9, 1968. On the latter date appellant advised his attorney that he would be able to obtain the $26 deposit required by the clerk, which information was relayed to the clerk and the hearing postponed indefinitely. However, appellant did not make the deposit required and the hearing of the contest was reset for December 26, 1968, at which time the clerk's contest was overruled. Citation was issued

the next day and served on December 30, 1968. In the period from February 9, 1968 until early in December, 1968, appellant's attorney "kept urging him to come forward with the $26," but he did not do so.

■ We hold, as the trial court did, that appellant under the circumstances failed to exercise reasonable diligence to have citation issued and served. He was informed on the day his petition was filed, and knew at all times thereafter until December 26, 1968, that the citation would not be issued unless and until a cost deposit of $26 was furnished. When he became aware, on or about February 9, 1968, that he could not raise the deposit, he could then have requested an early setting of the hearing of the contest and presumably could have obtained a hearing within the limitation period. At least, he makes no effort to show that he could not have done so. It seems to us that reasonable care and diligence would have required at least some effort in that direction.

Rule 99, T.R.C.P., relied on by appellant, simply provides that upon the filing of a petition the clerk shall promptly issue citation. It makes no mention of security for costs, pauper's oaths or contests. Rule 145, T.R.C.P., also relied on by appellant, provides in the first sentence for a pauper's oath and that the clerk shall issue process and perform all other services required of him as if security had been given. The second sentence of the rule provides that any party or the clerk may contest such affidavit, and the next two sentences provide for hearing of the contest.

■ Appellant argues that these rules require the clerk to issue citation immediately when a petition is filed and that the contest of the pauper's oath does not relieve the clerk of that duty. Rule 142, T.R.C.P., plainly provides to the contrary.

Affirmed.