Willard GREEN, Appellant,

v.

George STEIGERWALD et al., Appellees.

No. 560.

Court of Civil Appeals of Texas, Tyler.

May 27, 1971.

Alexander, Mackey, Bistany, Speck & Holland, Alfred J. Bistany, Dallas, for appellant.

George R. Edwards, Dallas, for appellee, Steigerwald.

Witts, Lee, Pletcher, Douglas & Casterline, Wayne E. Lee, Dallas, for appellee, Lee.

DUNAGAN, Chief Justice.

This suit was instituted by Willard Green against George Steigerwald and Ben C. Sheppard jointly and/or severally for alleged damages for personal injuries and property damage arising out of an automobile collision. Defendants each filed a plea in abatement and motion to dismiss, pleading therein the two year statute of limitations, staleness of the demand, laches and the failure of plaintiff to use due diligence to effect service of citations. The trial court sustained said pleas in abatement and motion and dismissed the cause of action with the plaintiff taking nothing. Plaintiff duly and timely appealed.

The plaintiff, the appellant on appeal, brings forward two points of error contending the court erred (1) in dismissing plaintiff's cause of action without a trial and (2) by disregarding the fact that the defendant, George Steigerwald, ceased to be a resident of the State of Texas prior to the time suit was filed.

On September 16, 1965, in the City of Dallas, Texas, plaintiff's automobile was hit from the rear by an automobile being driven by defendant Steigerwald after a motor vehicle being driven by defendant Sheppard cut in front of plaintiff's vehicle causing plaintiff to slow his vehicle.

Plaintiff filed his original petition on September 14, 1967, seeking a recovery for personal injuries and property damage against appellees jointly and/or severally. On the date of the accident defendant Steigerwald was a resident of Tarrant County, Texas, and defendant Sheppard was a resident of Dallas County, Texas. Citations to Sheppard and Steigerwald were issued September 14, 1967.

Citation was returned unexecuted as to defendant Sheppard on December 22, 1967, by the sheriff of Dallas County, Texas, stating therein " * * * unable to locate. Process is out of date. If you have additional information, please reissue and return to us." Citation issued to Steigerwald was also returned unexecuted on September 20, 1967, by the sheriff's office of Tarrant County, Texas, with the notation "I have been unable to obtain * * * town or address. He moved about Jan. of 67." Steigerwald was eventually located in the State of New Mexico whereupon service of citation was obtained on him by serving the chairman of the Texas Highway Commission. The citation on Sheppard was reissued on November 12, 1969. Sheppard was located at his place of employment and service of citation was effected on him on November 18, 1969.

It is shown by the record in this case that at the time the alleged cause of action arose, defendant Sheppard resided at 3714 Travis, Dallas, and continued to reside at such address until January, 1968. In January 1968 said defendant moved to 3569 Ainsworth, Dallas, Texas, and has continued to reside at such address. Further, since the date of the alleged automobile accident Sheppard has been employed by the U. S. Postal Department at the downtown post office building at Dallas, Texas, such location being the same place where appellee was served with citation in this case on November 18, 1969. It is further shown that at the time of the accident in question Sheppard gave to the plaintiff Willard Green his business card with his address and telephone number thereon.

Plaintiff filed this suit on September 14, 1967, two days before the statute of limitation expired. His first citation to Sheppard was returned without being served on December 22, 1967. He then waited until November 12, 1969, to have the citation against Sheppard reissued. This time lapse in having the citation reissued is more than four years after the alleged cause of action arose, more than two years after the suit was filed and almost two years from the date of the return of the first unserved citation. The place of work for defendant Sheppard was the same throughout the time periods material in this cause. Also as above stated he had at the time of the accident given to plaintiff his business card with the address and telephone number where he could be reached.

■ There is no showing in the record of this cause that plaintiff executed due diligence and displayed a bona fide intent that process be both issued and served upon Sheppard. As a matter of fact, in his brief he admits doing nothing to have the citation both issued and served upon Sheppard during the period from December 19, 1967, to November, 1969, because of his fear of being put to trial without both appellees being in court and the possibility of the case being dismissed for want of prosecution while he delayed obtaining service on Steigerwald. We are of the opinion that the excuse offered is not sufficient to toll the statute of limitation and that the lack of due diligence in perfecting service on Sheppard is shown as a matter of law. Selman v. Lynch, 461 S.W.2d 452 (Tex.Civ.App., Tyler, 1970, writ ref., n. r. e.).

As to defendant Steigerwald a much more difficult question is presented. It is shown that after the alleged accident, which is the basis for this lawsuit, and during the limitation period, Steigerwald moved to the State of New Mexico.

It was stipulated and agreed between the plaintiff Green and defendant Steigerwald that Steigerwald was a bona fide resident of the State of Texas on the date of the accident, September 16, 1965, and that sometime in January, 1967, he ceased to reside in Texas and became a resident of the State of New Mexico without having any intention of returning to Texas for the purpose of re-establishing his residence.

As to Steigerwald the plaintiff relies upon the case of Vaughn v. Deitz, 430 S.W.2d 487 (Tex.Sup., 1968). In this case Deitz and wife sued Vaughn and wife to recover damages arising out of an automobile collision. The collision occurred on January 11, 1964, and the suit was filed on January 18, 1966. At the time of the accident the defendants were residents of Texas. The defendants left Texas and established their permanent residence in Florida in June of 1964. The suit was instituted one week after the statute of limitation ran, and the plaintiffs promptly had citation issued and the defendants were promptly served. In the instant case no service was had upon Steigerwald until more than four years after the accident and for more than two years from the return of the first unserved citation. The Supreme Court in the Vaughn case had before it a question as to limitations only; whereas in the case before us the appellees rely upon laches, staleness of demand and negligence of the appellant in obtaining and having issued the second citation.

Service was had upon Steigerwald on November 20, 1969, by serving the chairman of the Highway Commission of Texas.

At the hearing on defendants' motions to dismiss and their pleas in abatement, plaintiff did not offer any evidence other than a written stipulation agreement between plaintiff and defendant Steigerwald. The said stipulation merely refers to residency facts concerning Steigerwald. There is no showing by the plaintiff as to what efforts, if any, were made from the time of the return of the unexecuted process by the sheriff of Tarrant County on September 20, 1967, to effect service upon Steigerwald,

until citation to Steigerwald was reissued on November 13, 1969, and service had on the chairman of the Highway Commission on November 20, 1969. If plaintiff or his attorney made efforts to locate either of the defendants, plaintiff failed to establish such facts in the record.

 The controlling question here presented is one of diligence exercised by the plaintiff in obtaining service of process upon Steigerwald. Did plaintiff use due diligence in ascertaining the whereabouts of Steigerwald from the time he was informed on September 20, 1967, by the sheriff of Tarrant County on his return of citation that he (Steigerwald) had moved and could not be located until the time plaintiff did learn that he resided in the State of New Mexico and caused citation to be reissued on November 13, 1969 and served on November 20, 1969?

In the case at bar on the hearing of defendants' pleas in abatement and motions to dismiss plaintiff made no effort to show by proof that he could not have located either of the defendants and obtained service of process upon them by the use of due diligence. It seems to us that reasonable care and diligence would have required at least some effort on plaintiff's part in that respect rather than waiting two years after the return of the first citations unexecuted before he made any effort or attempt insofar as this record shows to have another citation issued and served upon each of the defendants. Nauls v. Colby, 448 S.W.2d 857 (Tex.Civ.App., Dallas, 1969, writ ref., n. r. e.).

Under the well established law of this State the mere filing of a petition in a lawsuit does not toll the statute of limitations. There must be a bona fide intention that process be both issued and served, and due diligence must be exercised by the plaintiff in such regard. Rigo Manufacturing Company v. Thomas, 458 S.W.2d 180 (Tex.Sup., 1970); Holliday v. Smith, 422 S.W.2d 791 (Tex.Civ.App., Corpus Christi, 1967, writ ref., n. r. e.); Nauls v.

Colby, supra; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93 (Tex. Sup., 1942). The duty to obtain service within a reasonable time is a continuing one. Austin Banking Com'r. v. Proctor, 291 S.W. 702 (Tex.Civ.App., El Paso, 1927, n. w. h.); Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App., Waco, 1939, writ ref.); Universal Wheel Shield, Inc. v. Laco Auto Leasing, Inc., 429 S.W.2d 942, 944 (Tex. Civ.App., Tyler, 1968, n. w. h.); Klemm v. Schroeder, 204 S.W.2d 675 (Tex.Civ.App., San Antonio, 1947, n. w. h.).

The record reflects a period of more than two years after this suit was filed before service was effected on the defendants. Due diligence on the part of plaintiff, as a matter of law, has not been shown in trying to effect service on Steigerwald during this period. Mourning v. Crown Stevedoring Company, 417 S.W.2d 725 (Tex.Civ.App., Waco, 1967, n. w. h.).

Judgment of the trial court is affirmed.