**J. G. BOYD'S GOOD HOUSEKEEPING SHOPS, INC., Appellant,**

v.

**GENERAL SECURITIES SERVICE, INC., and Lectro Systems, Inc., Appellees.**

No. 5150.

Court of Civil Appeals of Texas, Waco.

July 27, 1972.

Henry Stollenwerck, Dallas, for appellant.

Seay, Gwinn, Crawford & Mebus, William C. Strock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

HALL, Justice.

Plaintiff-appellant, J. G. Boyd's Good Housekeeping Shops, Inc., filed its original petition on July 14, 1969, alleging a cause of action against General Security Service, Inc. Plaintiff admits that its cause of action arose on January 22, 1969, and that it is controlled by Article 5526, Vernon's Ann.Tex.Civ.St., the two-year statute of limitations.

On March 24, 1970, General Security impleaded appellee, Lectro Systems, Inc., as third-party defendant, seeking indemnity or contribution from Lectro Systems in the event plaintiff should succeed in its lawsuit against General Security.

On April 13, 1971, judgment was rendered dismissing plaintiff's suit against General Security. The judgment recited that it was based upon "an agreement of settlement in the form of a covenant not to sue" between plaintiff and General Security in which plaintiff "had reserved rights against any other defendant, including the defendant Lectro Systems, Inc."; and that it is ordered that "any cause of action which the plaintiff may have against Lectro Systems, Inc. is specifically preserved under the number and style of this cause," subject to Lectro Systems' defenses.

Meanwhile, on August 31, 1970, Lectro Systems filed a motion seeking dismissal of General Security's third-party action against it, alleging as grounds therefor that General Security was not licensed to do business in Texas, and that a corporation not licensed to do business in this State may not avail itself of our State Courts in order to seek redress or recovery of an affirmative nature.

On January 25, 1972, Lectro Systems filed its second motion to dismiss, repleading the grounds of its earlier motion for the dismissal of General Security's third-party action. Additionally in the second motion, Lectro Systems asked that it be dismissed completely from the lawsuit for the reasons (1) that the only cause alleged against it was General Security's; and (2) "plaintiff is now barred by the two-year statute of limitations from alleging any cause of action against" Lectro Systems.

On February 3, 1972, plaintiff filed its first amended original petition in which it

pleaded, for the first time, a cause of action against Lectro Systems.

Following a hearing on Lectro Systems' second motion to dismiss, the court held that plaintiff's action against Lectro Systems was barred by limitations, and dismissed plaintiff's action against Lectro Systems; dismissed General Security's action against Lectro Systems; and dismissed Lectro Systems from the lawsuit.

General Security has not appealed. Plaintiff's single point of error is: "The court erred in holding that limitations had run." Plaintiff relies upon the provisions of Rule 38, Texas Rules of Civil Procedure, and Article 5539b, Vernon's Ann. Civ.St., to support its contention of error.

Rule 38, which governs third-party practice, provides, in part, that a plaintiff may amend his pleadings to assert against one who has been brought into a suit as a third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant by plaintiff.

The portion of article 5539b relied upon by plaintiff is as follows:

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. * * *"

▮ Plaintiff argues that inasmuch as plaintiff had a right under Rule 38 to merely amend to include Lectro Systems as a primary defendant after Lectro Systems was impleaded by General Security on March 24, 1970, then Lectro Systems was in the case for all purposes after it was impleaded and limitations did not run against plaintiff's amended pleading against Lectro Systems by virtue of article 5539b. We do not agree.

▮ Article 5539b, "does not purport to deal with amendments which add, drop or change parties to a suit", Stokes v. Beaumont, Sour Lake and Western Ry. Co., 161 Tex. 240, 339 S.W.2d 877 (1960); and in our opinion, does not bear upon the question before us. Article 5526 required plaintiff's suit against Lectro Systems to "be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward * * *." Before, and since, the adoption of Rule 38, it was and has been the settled law of this State that article 5526 requires, among other things, for the "commencement and prosecution" of a suit so as to toll the running of limitations that a petition stating plaintiff's cause of action be filed with the clerk. Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178, 179 (1935); City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93, 95 (1942). Although Rule 38 grants a plaintiff the right to meet the pleading requirement of article 5526 by amendment as to a cause of action he may have against a third-party defendant, plaintiff has failed to cite any authority, and we have found none, which holds that this right, alone, tolls the statute of limitation on that action. We hold that it does not. We hold, further, that the filing of the third-party complaint by General Security against Lectro Systems did not toll the running of the statute of limitations on a cause of action between plaintiff and the third-party defendant.

Plaintiff did not amend its pleadings to assert its claim against the third-party defendant, as it was privileged to do under the provisions of Rule 38, until after limitations had run. The trial court correctly held, therefore, that plaintiff's cause of action against the third-party defendant was barred by the statute of limitations.

Plaintiff's contentions are overruled. The judgment is affirmed.