## In re REDMAN HOMES, INC.

### No. 10-03-248-CV.

Court of Appeals of Texas,
Waco.

Aug. 4, 2003.

Ricardo G. Cedillo, Davis, Cedillo & Mendoza, Inc., Henry B. Gonzalez, III, Davis, Adami & Cedillo, Inc., Jeffrey D. Small, San Antonio, David S. Denton, for relator.

John R. Bankhead, Madisonville, Roy R. White, Patrick E. Gaas, Heather E. Asselin, Paul E. Catalano, Coats, Rose, Yale,

Ryman & Lee, Houston, for real party in interest.

TOM GRAY, Justice, dissenting on denial of petition for writ of mandamus.

Without requesting a response, the Court has voted to deny the petition for writ of mandamus. I would not. I would request a response. Accordingly, I respectfully dissent.[1]

The question is whether the trial court or the arbitrator should be determining the applicability of the arbitration agreement by construing the terms of that agreement.

There is no question that the plaintiff signed an agreement to arbitrate. There is no question that the subject matter of the dispute is covered by the agreement to arbitrate. Accordingly, the trial court had no discretion; it must order the matter to arbitration. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The arbitrator, not the trial court, should then determine the interpretation of the agreement to see if it creates possible defenses to arbitration, which may include the one primarily relied upon by the trial court. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 589–90, 154 L.Ed.2d 491 (2002) (arbitrator has broad authority to interpret contract) (limitations).

The order from which this proceeding arises contains the following statement:

The Court finds that four years have elapsed since this litigation commenced and that both the two year and four year

statutes of limitations have passed and that the parties have spent more than four years in the judicial process, and that Defendant REDMAN HOMES' demand for arbitration after years of litigation is untimely and would prejudice the other parties in this case.

This apparently relates to the following statement in the arbitration agreement:

In no event may any demand for arbitration be made after the date when the institution of a legal or equitable proceeding based on the claim, dispute, or controversy in question would be barred by the applicable statute of limitations.

Of course findings in judgments and orders are of no effect on appeal. TEX.R. CIV. P. 299a; *LaFrensen v. LaFrensen,* 106 S.W.3d 876, 878 (Tex.App.-Dallas 2003, no pet.).

So the question in this proceeding is, "Who should be interpreting and applying this provision contained in the arbitration agreement?" If the plaintiff had done what should have been done according to the agreement, no suit would have been filed. Rather, the plaintiff would have demanded arbitration. The plaintiff did not. Instead the plaintiff filed suit. When the relator demanded arbitration, the trial court reviewed the arbitration agreement and construed the agreement to provide a limitations-type defense.

The question decided by the trial court, which should have been decided by an arbitrator, is, "What was the meaning of the provision of the arbitration agreement quoted above?" Did it mean, as the trial court construed it, that arbitration could not be demanded if the length of time of

---

1. Because the Court did not request a response, the actual merits of the dispute are beyond the scope of this dissenting opinion. This dissent is from the refusal to request a response so that the issues may be fully briefed and addressed in a full opinion on the merits even if ultimately resulting in a denial of the petition. Thus, the legal analysis of the agreement of the parties is, at best, provisional, and should not be construed as a final opinion on the merits.

the limitations period had passed without regard to whether the claim would actually be barred by limitations? After all, it is an elementary principle of law that once suit is commenced the limitations period ceases to run. *Ricker v. Shoemaker,* 81 Tex. 22, 28, 16 S.W. 645, 647 (1891); *see also Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *City of Gainesville v. Harder,* 139 Tex. 155, 158, 162 S.W.2d 93, 94–95 (1942). Of course, an alternative construction of the provision in the arbitration agreement is that if the plaintiff would be barred by the applicable limitations period in regards to filing litigation on the date of the demand, the plaintiff would also be barred from pursuing a recovery by demanding arbitration. I think it obvious that the latter meaning is the only logical interpretation of the contract to arbitrate, and not the former.

This brings us back to the issue: who should be construing this provision of the arbitration agreement in the first instance. Because I believe, on the facts presented, it should be the arbitrator and not the trial court making this interpretation, and that, at least at first blush, the trial court has therefore abused its discretion, and there is no adequate remedy at law available to the relator, I would request a response with a view to granting a conditional mandamus to order the matter referred to arbitration. At the very least, we should request a response and write upon this important issue for the guidance of the bench and bar.[2]

Because the Court refuses even to request a response, I respectfully dissent.

---

**2.** I note that the relator also addresses the possibility of waiver in its petition. While the index of the petition does not match the contents, it appears that the relator is concerned about the passage of time and the participation in the litigation process. The last time this Court found a waiver of an arbitration provision in similar circumstances, the Texas Supreme Court reversed this Court's determination. *In Re Bruce Terminix Co.,* 988 S.W.2d 702, 704 (Tex.1998) (orig.proceeding). Of course, by the denial of the petition, we again are holding that the trial court did not abuse its discretion in determining that the relator has waived its ability to invoke the arbitration provision. Before we go down that road again, we should be very careful, but we should not simply duck the issue by denial of the petition.