### CITY OF GAINESVILLE et al. v. HARDER et al.

#### No. 14162.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 17, 1941.

Rehearing Denied Feb. 21, 1941.

Earl Wyatt, of Amarillo, for appellants.

John Atchison and W. O. Davis, both of Gainesville, for appellees.

BROWN, Justice.

This is a suit brought by appellants to establish a debt and foreclose a paving lien purporting to have been created by an ordinance enacted by the City Fathers of the City of Gainesville, Texas, in the year 1929.

On September 17th, 1929, the said City passed an ordinance declaring a necessity for the paving of the streets designated and provided that such city should pay one-fourth of the cost of paving (except that done on the curbing) and the respective property owners three-fourths thereof, and for all of the curbing. This ordinance expressly states, "that said portion payable by said property owners shall be assessed against their abutting property and against the owners of the same, *in accordance with the terms of Chapter 11, Title 22, Revised Statutes of Texas of 1911, and Chapter 9, Title 28, Revised Statutes of Texas of 1925, and the charter and ordinances of the City of Gainesville.*" (Italics ours.)

This is the ordinance that was passed requiring the advertising for bids and declaring that no assessment shall be made until after notice and hearing to property owners, as is provided by the statutes above referred to and the charter and ordinances of the City.

On the 4th day of December, 1929, after the construction company had made its bid and same was accepted, the city passed the ordinance attempting to fix the liens against the respective properties and their owners.

Blanche Mason is named as the owner of the two lots involved in this case and the amount assessed is. $387.40.

The work was done and the same was accepted by the city and a certificate in the sum of $351.73, dated June 20th, 1930, was issued to the contractor, Jagoe Construction Company, which makes the assessment payable in five equal instalments of $70.34 each, the first being due June 20th, 1930, and the 2nd, 3rd, 4th and 5th instalments being due 1, 2, 3 and 4 years after the date of the certificate.

The certificate, by proper assignment, has become the property of Land Title Bank & Trust Company, trustee, under facts which are not material to state.

The City of Gainesville, for the use of the owner of the paving certificate, brought suit, according to the agreement of the parties, on June 20th, 1933, naming Blanche Mason as the owner when the assessment was made, and alleging that Edgar Van Slyke had purchased the property (not saying from whom) and had assumed the payment of the paving lien.

It is interesting to us to read the petition that was filed on October 19th, 1937, and is called the "substituted pleading". This pleading not only complains of the Van Slyke heirs and Blanche Mason as defendants, but recites transactions which concern the ownership of the certificate that took place in 1934 and 1936, and recites the death of Edgar Van Slyke in 1935 and the probating of his will.

All such matters, occurrences and transactions could not have been recited in the original petition. They had not happened.

The "substituted pleading" alleges that Edgar Van Slyke bought the property (not saying from whom) and that he assumed the payment of the paving certificate.

We cannot accept the "substituted pleading" as a copy of the original petition without doing violence to the obvious facts and the record. We are able to glean from "the agreement" that the city brought suit against Blanche Mason as the owner, when the assessment was made, and against Edgar Van Slyke, who the plaintiff alleged bought the property and assumed the paving debt.

Any rule of construction that will permit the assessment against abutting property to create a lien thereon, regardless of whether the owners, at the time of the assessment, are not named, or are incorrectly named, and that such a proceeding gives the owner of the paving certificate the right to establish its debt and to foreclose its lien, even where there could not be had a personal judgment against the owners, could not, in the very nature of the right, be construed to be one that does not require the owners to be named as parties defendant. Obviously, they must be so named if the relief sought, viz.: the foreclosure of the lien, is to be had.

These persons, who were owners when the assessment was made, have conveyed their titles by warranty deeds. They had substantial rights when this suit was brought. If they were made parties defendant before the statute of limitations had run, most assuredly the party asserting the right to foreclose the lien as against the property could obtain such a judgment without the necessity of obtaining a personal judgment on the debt, but not having been made such parties within such period of time, who will gainsay the right of these owners to plead limitations as against the right of the plaintiff to a judgment of foreclosure, when it is apparent that they will become liable on their warranties, should the paving assessment lien be foreclosed as a prior lien?

We have found no case, nor has any been cited, where the suit was not brought before limitations had run.

The bill of costs is itemized but bears no dates. This cost bill shows that only one citation was ever issued by the clerk. It likewise shows that no citation was ever served upon any defendant.

The original answer made by the Van Slyke heirs was filed November 6th, 1937.

It is agreed that the suit was filed June 20th, 1933, and the record discloses that Edgar Van Slyke lived until March, 1935, and the Van Slyke heirs were not attempted to be brought into the case until the "substituted pleading" was filed October 19th, 1937.

Edgar Van Slyke did not assume any indebtedness when he purchased the property and never having been served with process he never answered the original petition, and therefore made no appearance.

On February 26th, 1938, the plaintiff dismissed as to Blanche Mason, declaring "that it would no further prosecute its said suit as to defendant, Blanche Mason", and the trial court entered an order that said cause be dismissed as to such defendant.

On August 12th, 1938, the plaintiffs filed a first amended original petition and this court document simply gives a history of the matters involved. It begins by saying that the plaintiff City issued the certificate sued upon as against the lots involved, and recites the steps taken by the City to make the assessment and to fix the lien; and alleges that the property was formerly

owned by A. Wasson and Sarah J. Wasson, husband and wife, both of whom died intestate before the ordinance was passed levying the special assessment relied upon, and that they left surviving them as their sole and only heirs at law four children: Blanche Mason, a widow, L. A. Wasson, A. Wasson and E. W. Wasson, who each owned an undivided one-fourth interest in the lots in controversy. It alleges the right of the Trust Company to the certificate, and that the 2nd, 3rd, 4th and 5th instalments are past due and unpaid; that the lots were conveyed to Edgar Van Slyke in payment of the debt and lien held by him against the premises, by E. W. Wasson, to whom the lots had been conveyed by the other heirs, and that Van Slyke is dead; that he left a will naming his daughter, Nilla Van Slyke Harder, as independent executrix, and that the property was then conveyed to Esther Van Slyke and Nilla Van Slyke Harder, who appear to be the owners, but who hold subject to the liens and claims of the plaintiff.

In the petition it is stated that "if it should be found that Blanche Mason had a homestead in said property, which plaintiffs deny, still said assessment would be valid and binding upon said premises as against the interests of the said L. A. Wasson, Alonzo Wasson and E. W. Wasson, and enforcible against the same, by reason of the fact that all prerequisites to the fixing of the assessment against the owners of such property, and claims of personal liability and charge against the true owners of such property, whether named or not, etc.", were complied with.

The prayer is that the City and the Trust Company have judgment establishing the amount of the debt justly due and owing, together with an attorney's fee and all costs, and that the assessment lien be foreclosed as a first and prior lien upon the premises against the defendants, Esther Van Slyke, a feme sole, Nilla Van Slyke Harder, individually and as executrix of the estate of Edgar Van Slyke, and her husband, Philip M. Harder.

As we view this pleading, the plaintiffs are attempting to make Esther Van Slyke and Nilla Van Slyke Harder, individually and as executrix (and her husband) the owners of the lots, the sole and only defendants. It cannot be said that Mrs. Mason, or either of her brothers—the Wasson boys—are made defendants because no relief is asked as against any of them.

To this novel pleading, without ever having been served with process, the Van Slykes answered on September 3rd, 1938, and on the same date the three Wasson brothers adopted the answer made by the Van Slykes, and specially pleaded the two years' statute of limitations, as did the Van Slykes. Vernon's Ann.Civ.St. art. 5526.

The cause was tried to the court. The undisputed facts show that, as was pleaded, Mrs. Mason and her three brothers became sole owners and joint tenants of and in the property on January 7th, 1929, when their mother died; the father having preceded the mother in death. That Mrs. Mason, a widow with dependent children, was living on the premises with her mother and continued to so live and to make the premises her homestead until March 26th, 1930, at which time she conveyed her interest in the premises to her three brothers, and that on June 26th, 1930, L. A. and A. Wasson conveyed their interest to the remaining brother, E. W. Wasson, who assumed the debt and lien thereon held by Edgar Van Slyke, and that on August 9th, 1930, E. W. Wasson conveyed the property to Van Slyke, in payment of the debt against the same. This was a debt secured by a vendor's and a deed of trust lien.

The trial court rendered judgment that the plaintiffs take nothing. Hence the appeal.

It is contended that the wording of the statutes relied upon, that of the charter provisions and of the ordinances, wherein it is declared that the assessment against the abutting property shall be a first and prior lien thereon, from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, *whether named or not,* and the further fact that the respective owners are made liable for their proportionate parts of the assessments, gives the owner of any such paving certificate the right to proceed against all of the owners and to secure a judgment against each owner as the facts may justify.

It is further contended that the City of Gainesville was not required to formally accept the provisions of Article 1105b, Vernon's Annotated Civil Statutes, same having been enacted in 1927, by the 40th

Legislature at its First Called Session, p. 489, Chapter 106, such Acts. That these laws are cumulative of all of the other laws and the Charter of the City, and proceeding under such statute is sufficient.

With this we may readily agree, for sake of argument, and yet find no fault with the judgment of the trial court.

 It stands without dispute that no lien could have been fixed as against the interest owned by Mrs. Mason. She was occupying the premises, with her children, as a homestead when the assessment was attempted.

Realizing, as they must have, that this homestead exemption was available, the plaintiffs, in February, 1938, dismissed as to Mrs. Mason. She then and there went out of the case, and the pleading thereafter filed reciting the history of the family and of the title is not sufficient to bring her back into the case as a defendant, nor is there any contention that she has been brought back.

 Conceding, again for argument's sake, that the three Wasson boys were made defendants by the amendment in 1938 (on which trial was had), their plea of limitations is well taken; and when we concede, for sake of argument, that the assessment against Blanche Mason was sufficient to bind the other three owners— the Wasson boys—it was certainly incumbent upon the plaintiff to bring suit against them as owners, before limitations ran, if the plea of limitations is to be made of no avail. The debt and lien as against the Wasson boys were barred by limitations long before they were attempted to be even named in the plaintiffs' pleadings.

 Under no theory could Edgar Van Slyke have been held for the debt. He was the owner of the vendor's and deed of trust liens against the premises in question. He could be made a party defendant, when the suit was filed, for the purpose of having the trial court declare the paving lien superior to the liens held by Van Slyke, and to such interest as he may have had.

This is true even though the owners of the property conveyed the title thereto to Van Slyke prior to the day suit was filed.

 To give the plaintiffs relief as against Van Slyke and his heirs, it was necessary that the debt be established as against the owners when the assessment was made, even though no personal judgment was sought against them, and such cause of action being barred by limitations as to the owners, there cannot be rendered a judgment against the Van Slykes, in the face of their plea of limitations.

 Assuredly, there can be no lien without a debt, and the suit to establish the debt must be brought before the debt is barred, if the petitioner would avoid the penalty prescribed by the Statute of Limitations.

 No attempt was made to foreclose the supposed lien as against the Wasson boys until the right was barred, and the pleading asserted as against Van Slyke's rights did not serve to toll the statute as against the right of Van Slyke and his heirs to raise the defense of limitations, under the facts found.

There are many assignments of error and many findings of fact and conclusions of law by the trial court which are challenged, but we are of opinion that what we have said is decisive of the case.

All assignments of error are overruled and the judgment is affirmed.