**E. E. FARROW COMPANY, Appellant,**

v.

**UNITED STATES NATIONAL BANK OF OMAHA, Appellee.**

No. 4008.

Court of Civil Appeals of Texas.

Waco.

June 28, 1962.

Rehearing Denied July 19, 1962.

Emil Corenbleth, Jay S. Fichtner, Dallas, for appellant.

Muse, Currie & Kohen, Ralph W. Currie, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment in favor of plaintiff Bank against defendant Farrow Company.

Elliott Mfg. Company and defendant Farrow Company entered into a written contract whereby Elliott rented to Farrow a piece of machinery called a "Hi Reach Boom," for a period of 36 months at $310.75 per month. The contract recited that it would be assigned to plaintiff Bank, and that defendant Farrow was to make the monthly payments directly to plaintiff Bank. Such contract further provided:

> "*(Farrow agrees to) make all payments to said bank without offset or counterclaim whether or not any of the remedies provided for in case of default are exercised and (Farrow) will assert any alleged offsets or counterclaims against (Elliott) and not against said bank.*"

The contract was assigned by Elliott to plaintiff Bank. Farrow made the payments for 5 months; and stopped because the machinery broke down and would not per-

form as warranted. The machinery was returned to Elliott. Elliott accepted the machinery, and thereafter made the payments to plaintiff Bank for 11 months and then stopped making payments; plaintiff Bank then elected to proceed against defendant Farrow, and filed suit against Farrow on the contract as assignee. Farrow answered, alleging numerous defects and failures to perform as warranted on the part of the machinery; alleged that such constituted a total failure of consideration for the execution of the lease; that plaintiff was not an innocent purchaser for value; that plaintiff's suit was therefore subject to all *"defenses"* which Farrow had against Elliott; and prayed that plaintiff take nothing.

Plaintiff Bank filed motion for summary judgment, supported by affidavits, the lease, and the assignment. Defendant opposed such motion by answer and affidavits. The Trial Court granted plaintiff's motion for summary judgment.

Defendant appeals, contending (among other things) that the Trial Court erred in granting the summary judgment because the defenses raised in the sworn pleadings were not *offsets* or *counterclaims*.

It is undisputed that defendant executed the lease, knowing it was to be assigned to the Bank, and that it specifically agreed to make payments directly to the bank *"without offset or counterclaim,"* and further agreed to assert *"any alleged offsets or counterclaims,"* against Elliott and not against the plaintiff Bank.

■ "Counterclaim" is generically defined "as a claim, which, if established will defeat or in some way qualify a judgment to which the plaintiff is otherwise entitled. It embraces both setoff and recoupment, and also comprehends reconvention as well as all adversary actions by the defendant in a case." 38 Tex.Jur. p. 8; 47 Am.Jur. p. 709. The fundamental philosophy of all setoffs is that they are offered by a defendant in opposition to some money demand asserted

by a plaintiff. 80 C.J.S. Set-Off and Counterclaim § 1, p. 5.

■ We think that defendant's contract bound defendant to make *all* payments stipulated to the plaintiff bank, and to assert all adversary actions against Elliott. Defendant, we think, has by its contract waived its otherwise right to take adversary action and make opposition to the plaintiff's demands for moneys due under the contract. Defendant retained, and has in the instant case asserted successfully, the rights waived as to the bank, against Elliott.

The effect of defendant's contention is that defendant and Elliott, in their contract, used the terms "offsets" and "counterclaims" in their restricted sense, and as applicable to defendant's *answer* in the instant case. While we disagree, the contention if correct, still avails defendant nothing.

■ The question of whether an answer sets up a counterclaim, or is defensive must be determined *by the facts alleged,* and not by the name given the plea, or by the particular form of the prayer for relief. 38 Tex.Jur., Sec. 54, p. 84.

Defendant's answer (Para. XI), alleges that the machinery was represented as capable of certain performance which it failed to perform; thereafter it was returned to Elliott for complete remodeling; that when Elliott returned it to defendant, it again failed to perform and broke down; that defendants then returned the machine to Elliott, "it being evident it would not perform in accordance with the contract"; "Defendants show that there was a total failure of consideration for the execution of said lease agreement"; that Elliott made false material representations of fact; that defendants rescinded such contract and returned the machine to Elliott; said lease is of no force and effect; and defendant prayed that plaintiff take nothing by its suit.

Defendant urges that it plead "failure of consideration"; that such plea is not an

"offset or counterclaim"; and further that it seeks no affirmative relief against plaintiff; for which reasons their pleading is of a "defense" and not an "offset" or a "counterclaim."

Under the law recited, it is the facts plead, and not the name given the plea, or the prayer for relief which determines whether a "counterclaim," or a "defense" has been plead. We think clearly a counterclaim was plead.

All of defendant's points and the contentions thereunder made are overruled, and the judgment of the Trial Court is Affirmed.