Edith **WASHINGTON** et al., Appellants,

v.

A. W. **MARTIN**, Appellee.

No. 8419.

Court of Civil Appeals of Texas, Amarillo.

Dec. 10, 1973.

Brummett & Brummett, Winston P. Brummett, Lubbock, for appellants.

LaFont, Tunnell, Formby, LaFont & Hamilton, Tom Hamilton, Plainview, Howard Traweek, Matador, for appellee.

REYNOLDS, Justice.

In a declaratory judgment action before the court, plaintiffs sought the determination of the validity of a promissory note made payable to the order of defendant A. W. Martin, and executed by and during the lifetimes of R. M. Martin and Myrtle Martin, the now deceased parents of plaintiffs and defendant. The judgment of the trial court declared the note to be a valid, legal note not barred by limitations, and a just obligation of the estates of R. M. Martin and Myrtle Martin, deceased. Affirmed.

Plaintiffs Edith Washington, Gertrude Light, Albert Martin and Raymond Martin, and defendant A. W. Martin, are the children and only heirs at law of R. M. Martin and Myrtle Martin. Myrtle Martin died intestate July 6, 1969, and each of the parties to this suit became vested with an undivided one-fifth interest in her estate. R. M. Martin died January 12, 1972, leaving a will in which defendant A. W. Martin was appointed independent executor and by which each of the parties to this suit became vested with an undivided one-fifth interest in his estate.

Plaintiffs challenge the entered judgment on the sole point that the debt evidenced by the note was barred by the four year statute òf limitation imposed by Vernon's Ann.Civ.St. art. 5527(1). The relevant provisions of the note, which did not bear interest, read:

"MATADOR, TEXAS,  July 14, 1964

    On demand    after date, grace waived, for value received, I, we, or either of us promise to pay to the order of   A. W. Martin Six Thousand and No/100 —————————————————————Dollars

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

/s/  R. M. Martin

/s/  Myrtle Martin   "

The only witness called at the trial was the defendant, A. W. Martin. His testimony was that in the latter part of 1964 his father, R. M. Martin, gave him an envelope containing the note in issue. Hand written on the envelope at the time of delivery were the words: "Not to be opened untill (sic) Robert and Myrtle have both passed away." Defendant was at that time told by his father, "I can't pay you now . . . If you will hold that note until after the last one of us passes away you can get your money." He was instructed to " . . . put that with the Wills and you will get your money that way." The apparent purpose of the note was to repay the defendant for certain "help" he had given his parents. Defendant placed the envelope containing the note in a lock box in the bank at Quitaque, Texas, and it remained there unopened until after R. M. Martin died on January 12, 1972.

■ The accrual of the cause of action on the note is the determinative question in this appeal. A cause of action accrues in the case of a demand instrument upon its date. V.T.C.A., Bus. & C. § 3.-122(a)(2). Were the note considered alone and apart from the other evidence in the record, the cause of action on the note would have arisen on July 14, 1964, and the debt would have been barred by limitations when this suit was filed early in 1973. However, there is for consideration the evidence of the conversation between defendant and R. M. Martin at the time the note enclosed in the envelope was delivered to defendant. If entitled to consideration, the evidence establishes that the parties did not intend the note to have any effect until the occurrence of the deaths of both R. M. Martin and Myrtle Martin. Where a condition precedent to a right of action on a note exists, the cause of action does not accrue and the statute of limitations does not begin to operate until the condition is performed. Dunn v. Reliance Life & Accident Ins. Co. of America, 405 S.W.2d 389 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

■ However, plaintiffs contend that the notation on the envelope should be disregarded because it was not shown by whom the notation was made. The testimony is that the notation was on the envelope at the time of delivery; therefore, it was entitled to consideration as an evidentiary matter. The complaint is more properly directed to the weight rather than to the admissibility of the evidence.

■ Plaintiffs further contend that the parol evidence of the conversation could not be considered since it would serve to contradict the terms of an unambiguous written instrument. The cases cited in support of this contention are McPherson v. Johnson, 436 S.W.2d 930 (Tex.Civ.App. —Amarillo 1968, writ ref'd n.r.e.), and Helmke v. Prasifka, 17 S.W.2d 463 (Tex. Civ.App.—San Antonio 1929, writ ref'd). Both of these cases hold that parol evidence cannot be used to vary the terms of the note to establish a condition of payment, but make the distinction that parol evidence may be used to establish a conditional delivery. Parol evidence is admissible for the purpose of showing that a promissory note, though absolute in form, delivered to the manual possession of the payee, was not intended to take effect as a binding obligation until the happening of a stipulated contingency. Roddy v. Citizens' State Bank of Copeville, 11 S.W.2d 652 (Tex.Civ.App.—Dallas 1928, no writ); Hawkins v. Johnson, 181 S.W. 563 (Tex. Civ.App.—Austin 1915, no writ); Watson v. Rice, 166 S.W. 106 (Tex.Civ.App.— Amarillo, 1914, writ ref'd).

■ Finally, plaintiffs contend that the testimony of the conversation was violative of V.A.C.S. art. 3716, commonly referred to as the "Dead Man's Statute." However, the fact is that plaintiffs called defendant as a witness and inquired into his transactions with R. M. Martin, thereby waiving their right to have the testimony of the conversation excluded. Seaman v. Seaman, 425 S.W.2d 339 (Tex.1968).

The evidence supports the trial court's implied finding that the cause of action did not accrue until the death of R. M. Martin on January 12, 1972, and the specific finding that the note was not barred by limitation. Thus, the judgment may not be disturbed on appeal.

The judgment is affirmed.