William Grady McBRYDE, III, Rhonda Lynn Wolford, Jeffrey Scott McBryde, Sarah L. Fisk and Earl K. Fisk, as Guardians of the Estate of Bradley Spencer Fisk, a Minor, Appellants,

v.

Vivian R. CURRY, Appellee.

No. 06–95–00065–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 7, 1995.

Decided Nov. 15, 1995.

Order Overruling Motion for Rehearing Jan. 17, 1996.

William M. Blair, III, Gregory W. Neeley, Akin, Bush, Neeley & Mason, Longview, for appellants.

Gregory J. Wright, Loren B. Smith, Roberts, Hill, Calk, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Southwestern Life Insurance Company, the plaintiff below, filed an interpleader action regarding the disputed proceeds of an insurance policy issued to William Grady McBryde, Jr. William Grady McBryde, III, Rhonda Lynn Wolford, Jeffrey Scott McBryde, Sarah L. Fisk, and Earl K. Fisk, as guardians of the estate of Bradley Spencer Fisk, a minor, defendants below, appeal from the granting of summary judgment in favor of Vivian R. Curry, co-defendant below.

Vivian R. Curry agreed to loan William Grady McBryde, Jr. ("McBryde") up to $100,000 for use in his business ventures. McBryde signed a promissory note on May 15, 1986, in favor of Curry in the amount of $100,000, payable on demand, with ten percent interest per annum and agreed to name Curry as a creditor beneficiary on a policy of life insurance in the amount of $200,000 as security for the repayment of the note. Curry advanced McBryde $99,000 in May and June of 1986.

In October of 1987, McBryde purchased a life insurance policy in the amount of $500,000 from Southwestern Life Insurance Company. McBryde designated his beneficiaries as follows:

- one fifth [1] to Sarah Johnson McBryde, McBryde's ex-wife, for contractual alimony;
- two fifths to Vivian R. Curry, as her interest as creditor of McBryde may appear; and
- balance of policy (or two fifths) to the following children in equal shares: William Grady McBryde, III,[2] Rhonda Lynn Stephenson, Jeffrey Scott McBryde, and Bradley Spencer McBryde.

McBryde died in a plane crash in May of 1994. William Grady McBryde, III, Rhonda Stephenson (now Rhonda Wolford), and Jeffrey McBryde contested the payment of life insurance proceeds to both Sarah McBryde (now Sarah Fisk) and Vivian Curry. Sarah Fisk admitted that she was not entitled to any proceeds because all contractual alimony had been paid during McBryde's lifetime.

Curry presented a claim for $200,000 as a creditor of McBryde based on the demand note executed in her favor. She alleged that McBryde agreed to name her as beneficiary on his life insurance policy as security for the note and that, at the time she filed for summary judgment, $225,438.75 was owed on the note. She has abandoned, however, any claim for more than $200,000 of the life insurance proceeds.

Southwestern paid the undisputed portions of the policy, which was all of the proceeds except the $200,000 claimed by Curry, and filed an interpleader suit after Curry and the remainder beneficiaries were not able to resolve this dispute amicably. Southwestern was subsequently dismissed from the suit by agreement of the parties.

Curry filed a motion for summary judgment claiming that she was entitled to the remaining funds by virtue of her designation as creditor beneficiary. The trial court granted her summary judgment, concluding that there was no genuine issue as to any material fact and finding that

1. Movant [Curry] loaned at least Ninety–Nine Thousand Dollars ($99,000) to Grady McBryde, Jr., deceased.

2. McBryde designated Movant as a creditor beneficiary on the life insurance policy which is the basis for this action [the interpleader suit] as security for the loan made by Movant.

3. Movant was not repaid by McBryde or any other party on behalf of Grady McBryde, Jr.

4. In excess of Two Hundred Thousand Dollars ($200,000) remains due and owing to Movant from McBryde.

5. Movant's counterclaim was timely filed pursuant to Rule 16.069 of Texas Civil Practice and Remedies Code.

---

1. The life insurance policy originally designated the amounts in dollar figures. Southwestern later converted these dollar figures to percentages.

2. The designation in the policy was to William Grady McBryde, Jr., who was the insured. The trial court construed this to mean William Grady McBryde, III, who is the insured's son.

6. As a result of the above-stated facts to which no genuine issue exists, the Court is of the opinion that Movant is entitled to summary judgment as a matter of law.

■■■ By their sole point of error, the appellants contend that the trial court erred in granting summary judgment in favor of Curry. Summary judgment is proper when no genuine issue exists on any material fact and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). The Texas Supreme Court has determined that (i) the movant for summary judgment has the burden of showing the trial court that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (iii) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994) (applying the *Nixon* standards). In reviewing a grant of summary judgment to a defendant, the relevant issue on appeal is whether the summary judgment evidence establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Parrish v. Brooks*, 856 S.W.2d 522, 524 (Tex.App.—Texarkana 1993, writ denied).

■■■ The appellants first contend that summary judgment was improper because the statute of limitations barred Curry's claim and, as such, deprived her of creditor status as designated in the life insurance policy. The appellants correctly contend that because this is an action on a debt, Curry had four years from the date the note

was executed in which to file her claim. TEX. CIV.PRAC. & REM.CODE ANN. § 16.004(a) ((Vernon 1986) (stating that an action on a debt must be brought within four years after the cause of action accrues). Texas law considers demand instruments immediately due. TEX.BUS. & COM.CODE ANN. § 3.122(a)(2) (Vernon 1994) (stating that a cause of action on a demand instrument accrues "upon its date"); *see also Martin v. Ford*, 853 S.W.2d 680, 682 (Tex.App.—Texarkana 1993, writ denied); *Leinen v. Buffington's Bayou City Serv.*, 824 S.W.2d 682, 684 (Tex.App.—Houston [14th Dist.] 1992, no writ). The four-year statute of limitations begins to run on the date a demand note is issued, *Martin*, 853 S.W.2d at 682; *Leinen*, 824 S.W.2d at 684; *Washington v. Martin*, 503 S.W.2d 330, 332 (Tex.Civ. App.—Amarillo 1973, no writ), unless a "demand is an integral part of a cause of action, or a condition precedent[3] to the right to sue." *Martin*, 853 S.W.2d at 682.

■■■ Moreover, when a debt is barred by the statute of limitations, an action to foreclose on the security for the debt is also barred. *See City of Gainesville v. Harder*, 147 S.W.2d 959, 963 (Tex.Civ.App.—Fort Worth 1941), *aff'd*, 139 Tex. 155, 162 S.W.2d 93 (1942); *Fleming v. Todd*, 42 S.W.2d 123, 126 (Tex.Civ.App.—Beaumont 1931, writ dism'd by agr.).

Curry responds to this argument by referencing TEX.CIV.PRAC. & REM.CODE ANN. § 16.069(a) (Vernon 1986), which states:

> If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

Curry argues that this section prevents the statute of limitations from barring her cross-claim on the note.[4]

---

3. Under Texas law, presentment of a demand note to the maker is not required. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991), *citing* TEX.BUS. & COM.CODE ANN. § 3.501. Moreover, in the present case, the language of the note waived demand and presentment for payment. *See* TEX.BUS. & COM.CODE ANN.

§ 3.511(b)(1) (Vernon 1994) (allowing waiver of presentment).

4. The appellants cite cases explaining the legislative intent behind Section 16.069 and argue it does not apply to the facts in the present case. *See, e.g., Hobbs Trailers v. J.T. Arnett Grain Co.*, 560 S.W.2d 85, 88 (Tex.1977) (construing that

Appellants respond by arguing that Curry's claim is not a cross-claim or counterclaim as anticipated by Section 16.069, but merely a claim to the disputed proceeds. After Southwestern interpleaded the funds, both Curry and McBryde would have the burden of proving their entitlement to the funds as if they had initially brought suit. *See Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 789 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (explaining that "where there are multiple claimants to interpleaded funds, each claimant has the burden of proving its own claim and its relative priority as to all other claimants"); *Baber v. Galbraith*, 186 S.W. 345, 349 (Tex.Civ.App.—Galveston 1916, writ ref'd) (stating that after the interpleader was dismissed, each defendant then "occupied the position of plaintiff in the claim for the fund, and would have become entitled to it only upon showing a good title thereto").

■■■ Texas courts "look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980), *citing* Tex. R.Civ.P. 71. Although captioned as a counterclaim and a cross-claim, this claim is distinguishable from both. A counterclaim is a cause of action existing in favor of a defendant against a plaintiff. It has been defined by Texas courts as

a claim, which, if established will defeat or qualify a judgment to which the plaintiff is otherwise entitled.... The fundamental philosophy of all setoffs is that they are offered by a defendant in opposition to some money demand asserted by a plaintiff.

*Latham v. Allison*, 560 S.W.2d 481, 485 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n.r.e.), *citing E.E. Farrow Co. v. United States Nat'l Bank*, 358 S.W.2d 934, 935 (Tex.Civ.App.—Waco 1962, writ ref'd n.r.e.). Curry's claim

for the interpleaded funds is distinguishable from a counterclaim for two reasons. First, she is only a nominal defendant in that no one is seeking relief from her. Second, Curry's claim is not in opposition to some money demand by the plaintiff in this case because Southwestern is not demanding any relief. In fact, Southwestern was dismissed from this case by agreement of the parties. Curry's claim is therefore not a counterclaim.

■■■ Curry's claim is also distinguishable from a cross-claim. The Texas Rules of Civil Procedure provide that a party

may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Tex.R.Civ.P. 97(e). Curry is not seeking liability against McBryde, but rather seeking to recover interpleaded funds. Her claim is therefore not properly characterized as a cross-claim.

■■■ Section 16.069 does not apply to Curry's claim because it is not properly characterized as either a counterclaim or a crossclaim. Her claim is barred by the four-year statute of limitations and her status as a creditor is, thus, extinguished. This point of error is therefore sustained. Because this ruling is dispositive of the case, we do not address the remaining issue.

This cause is reversed and remanded to the trial court for trial.

### ON MOTION FOR REHEARING

Curry argues on rehearing that it was improper for this Court to reverse the trial court's judgment based on a characterization

---

statute that preceded Section 16.069 and stating that it "was intended to prevent a plaintiff from waiting until an adversary's valid claim arising from the same transaction was barred by limitation before asserting his own claim"). Curry responds by arguing that these cases do not apply because the statute at issue is clear and unambiguous and, thus, any extrinsic aids and

rules of statutory construction should not be used by the courts. The Legislature has declared, however, that Texas courts may use such statutory construction aids when construing a statute "whether or not the statute is considered ambiguous on its face." Tex.Gov't Code Ann. § 311.023(3) (Vernon 1988).

of McBryde's claims as something other than a counterclaim or cross-claim because McBryde failed to raise this issue in the trial court. McBryde raised this issue at his earliest opportunity, however, in his motion for a new trial following the summary judgment. Because McBryde preserved this error with his motion for rehearing, this Court did not err by considering it on appeal. Accordingly, Curry's motion for rehearing is overruled. January 17, 1996.