Reversed and Rendered in Part and Remanded in Part and Opinion filed
April 3, 2008








Reversed and Rendered in Part and Remanded in Part and
Opinion filed April 3, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00032-CV

_______________

 

MARY LINDA McCALL, Appellant

 

V.

 

DAVID WAYNE SMITH, RYAN DYLAN WILLIAMS, ANNA ELAINE
HARRIS, and DANA L. MAYOR (F/K/A DANA L. MONFORD), INDIVIDUALLY AND AS
TEMPORARY ADMINISTRATOR OF THE ESTATE OF LESLIE H. WILLIAMS, JR., Appellees

                                                                                                                                                

On Appeal from the Probate Court No. 1

Harris County, Texas

Trial Court Cause No. 332026-401

                                                                                                                                                

 

O P I N I O N








Four years after Les Williams and
appellant Mary Linda McCall ended their marriage of twenty-five years, Williams
purchased a $250,000 life insurance policy, naming McCall as his beneficiary. 
After his death, two of Williams=s three surviving children
successfully argued to the probate court that McCall had no insurable interest
in Williams=s life, and thus, the insurance proceeds should be paid to them.  Because
Williams applied for the insurance policy four years after the divorce and
placed no restrictions on his designation of McCall as his beneficiary, we
conclude that she has an insurable interest under article 3.49-1 of the Texas
Insurance Code.  Accordingly, we reverse the trial court=s judgment, render judgment that
McCall is entitled to the proceeds and interest under the policy, and remand
for a determination of costs and attorneys= fees, if any, to be awarded. 

I.  Factual
and Procedural Background

McCall and Les Williams were married
on March 5, 1965 and divorced in 1990.  Under the terms of their Agreement
Incident to Divorce, Williams agreed to pay McCall alimony through March 6,
2001 and to maintain a life insurance policy naming McCall Aas irrevocable beneficiary to a
portion of the proceeds on such policy in a face amount sufficient to pay the
then-remaining alimony payments . . . as they become due.@

On March 30, 1994, Williams applied
to Equitable Variable Life Insurance Company for a new $250,000 life insurance
policy to replace a different policy.  He designated ALinda M. [McCall], ex-wife@ as sole beneficiary.[1] 
The policy was issued on April 8, 1994, but was effective March 28, 1994.  The
policy contains the following relevant terms:

Beneficiary. 
The beneficiary is as stated in the application, unless later changed.  The
beneficiary is entitled to the Insurance Benefit of this
policy. . . . The stated shares in the Insurance Benefit
will be paid to any primary beneficiaries who survive the insured person.  If
no primary beneficiaries survive, payment will be made to any surviving
contingent beneficiaries. . . . If there is no designated
beneficiary living at the death of the insured person, we will pay the
Insurance Benefit to the insured person=s
surviving children in equal shares.  If none survive, we will pay the insured person=s estate.








Changing the Owner or Beneficiary.  While the insured person is living,
you may change the owner or beneficiary by written notice in a form
satisfactory to us.  (You can get such a form from our agent or by writing to
us at our Administrative Office.)  The change will take effect on the date you
sign the notice.  But, it will not apply to any payment we make or other action
we take before we receive the notice.

On April 8, 1994, Williams married
Anna Harris.  On or about September 3, 1996, Williams wrote to his insurance
agent about proposed changes to the beneficiary designation. Williams proposed
to limit McCall=s interest in the insurance proceeds to an amount equal to
the remaining alimony requirements, with the balance of the proceeds going to
his wife, Harris.  Two days later, Williams=s agent responded that Williams would
need to complete a Achange of beneficiary@ form; a blank form was enclosed with
the correspondence.  There is no evidence in the record that Williams responded
to this communication.  Moreover, appellees admit that Williams never formally
changed the beneficiary designation.

In March 2000, during his divorce
from Harris, Williams wrote to his attorney listing items that he wanted to
retain in the divorce.  He included A[t]hree Life Insurance Policies with
Equitable and Mid Continent Life . . . in the amounts of $250,000, $100,000 and
$100,000 respectively.  One of the $100,000 [sic] is required to be used as
collateral in my payments to [McCall] under court order.@[2]  Williams=s divorce from Harris was finalized
in November 2001, and Williams retained the insurance policies.  








On June 25, 2002, Williams died. 
Equitable Insurance[3] filed an
interpleader in the probate proceedings and paid the proceeds of the $250,000
policy into the registry of the court.  Williams=s three children were added to the
suit.  Two of Williams=s childrenCDavid Smith and Dana Mayor, f/k/a Dana Monford (collectively,
Athe Children@)Cactively sought recovery of the
policy proceeds.[4]  McCall and
the Children filed cross-motions for summary judgment, seeking the proceeds, a
declaration of rights under the policy, and attorneys= fees.  The trial court ruled in
favor of the Children, and this appeal ensued. 

II.  Issues
Presented

In six compound issues, McCall argues
that the trial court erred in granting the Children=s motion for summary judgment and
denying her motion for summary judgment.

III. 
Standard of Review

Traditional summary judgments are
subject to de novo review.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  Such summary judgment is proper when there
are no disputed issues of material fact and the movant is entitled to judgment
as a matter of law.  Tex. R. Civ. P. 166a(c). 
When, as here, both sides move for summary judgment and the trial court grants
one motion and denies the other, we review all summary judgment evidence,
determine all questions presented, and render the judgment the trial court
should have rendered.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005).

IV. 
Analysis

A.        Governing Law








At common law, those held to have an
insurable interest in the life of another were traditionally grouped into three
general classes: (1) one so closely related by blood or affinity that he wants
the other to continue to live, irrespective of monetary considerations; (2) a
creditor; and (3) one having a reasonable expectation of pecuniary benefit or
advantage from the continued life of another.  Drane v. Jefferson Standard
Life Ins. Co., 139 Tex. 101, 104, 161 S.W.2d 1057,1058B59 (1942).  Over time, however, the
Texas Legislature has expanded the classes of insurable interests.  Allen v.
United of Omaha Life Ins. Co., 236 S.W.3d 315, 322B23 (Tex. App.CFort Worth 2007, pet. denied); Stillwagoner
v. Travelers Ins. Co., 979 S.W.2d 354, 358B59 (Tex. App.CTyler 1998, no pet.).  Since at least 1953, the Texas
Legislature has provided that any person of legal age may apply for life
insurance and designate any person or legal entity as the beneficiary.  That
beneficiary, with exceptions inapplicable here, A shall at all times thereafter have
an insurable interest in the life of such person . . . .@  Tex.
Ins. Code Ann. art. 3.49-1, '' 1,2 (Vernon 1981).[5] 
The Legislature further provided, AThis Act shall be liberally construed
to effectuate its purposes, and its provisions are not to be limited or
restricted by previous declarations or holdings of the Courts of Texas defining
the term insurable interest.@  Id. ' 4.

B.        Children=s Motion for Summary Judgment

In their motion for summary judgment,
the Children make no mention of the governing statute, but argue instead that
McCall is a creditor beneficiary whose insurable interest cannot exceed the
debt secured by the policy.  They reason that, because McCall has been paid all
of the alimony that Williams was ordered to pay, she no longer has an insurable
interest in the policy proceeds.  In support of this argument, they rely on McBryde
v. Curry.  914 S.W.2d 616, 618 (Tex. App.CTexarkana 1995, writ denied).  McBryde,
however, is inapposite.  In that case, the insured specifically denoted a
particular beneficiary as a creditor, and limited her recovery to the extent of
the debt.  Id. at 618 (the insured expressly limited the extent of the
beneficiary=s recovery, writing, Atwo[-] fifths to Vivian R. Curry, as her interest as
creditor of McBryde may appear@) (emphasis added).  Here, however,
Williams included no such limitation.  His designation included no mention of
the Agreement Incident to Divorce, alimony payments, or any date or
circumstance that would limit or terminate McCall=s insurable interest.








Moreover, none of the authorities on
which the Children relied to support their motion are inconsistent with the
application of article 3.49-1.[6]  Four of the
cases they cited predate this enactment.[7] 
They also rely on a case in which the holding was vacated and the opinion
withdrawn.[8]  In another
case on which they rely, this court expressly stated,

Sections 2 and 3 [of article 3.49-1]
allow an applicant for insurance on his own life to name anyone as a beneficiary
and those beneficiaries so designated will then be deemed to have an insurable
interest.  Tex. Ins. Code Ann.
art. 3.49-1, '' 2-3 (Vernon 1981). These provisions do not apply here because the
insured persons did not apply for the insurance and did not designate [their
employer] as their beneficiaries.

Tamez v. Certain Underwriters at
Lloyd=s, London, Int=l Accident Facilities, Inc., 999 S.W.2d 12, 17 n.3 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied) (emphasis added). Unlike the situation presented in Tamez,
however, the insured person in this case did apply for the insurance policy at
issue and did designate the named beneficiary.  Thus, the facts of this case
fall squarely within the language of article 3.49-1.[9]


We conclude that the Children failed
to prove their entitlement to the insurance proceeds as a matter of law. 
Accordingly, we sustain McCall=s first, second, and third issues.

C.        McCall=s Motion for Summary Judgment








McCall moved for summary judgment on
the grounds that Williams named her as his beneficiary without restriction and
never changed that designation.  Consequently, McCall has an insurable interest
in Williams=s life.  Under article 349-1, which governs this case, she established
her right to recover as a matter of law.[10]

E.        Attorneys= Fees

Both sides requested declaratory
judgment, and both sides requested attorneys= fees pursuant to the Declaratory
Judgments Act.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997) (A[I]n any proceeding under this
chapter, the court may award costs and reasonable and necessary attorney=s fees as are equitable and just.@).  In light of our reversal of the
trial court=s summary judgment and our rendition of judgment in favor of McCall, we
reverse the award of attorneys= fees and costs and remand the case solely for consideration
of the costs and reasonable, necessary, equitable, and just attorneys= fees, if any, to award to any
party.  Tex. R. App. P. 43.3; Young
v. Qualls, 223 S.W.3d 312, 314B15 (Tex. 2007) (per curiam); Neeley
v. W. Orange-Cove Consol. Indep. Sch. Dist., 176 S.W.3d 746, 799 (Tex.
2005).    

V. 
Conclusion

Because Williams applied for the
insurance policy at issue after his divorce and designated McCall as his life
insurance beneficiary without restriction, she has an insurable interest and is
entitled to the insurance proceeds.  Accordingly, we reverse the judgment of
the trial court, render judgment in favor of appellant Linda McCall, sever the
issue of attorneys= fees and costs, and remand for the trial court to determine
the appropriate award, if any, pursuant to section 37.009 of the Texas Civil
Practice and Remedies Code.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Opinion filed April 3, 2008.

Panel
consists of Justices Yates, Guzman, and Brown. 









[1]  Appellees do not treat this as a renewal of a policy
in existence during the marriage, but note in their motion for summary judgment
that Les and McCall were divorced at the time Les obtained the policy.  





[2]  At that time, Williams=s remaining alimony obligation was less than $100,000. 





[3]  The insurer was known by another name at this time.





[4]  The third child, Ryan Williams, is the child of
McCall=s marriage to Williams.  Although Ryan did not move
for summary judgment, his name was added to the judgment, and McCall does not
challenge the judgment on that basis.





[5]  Act of April 30, 1953, 53rd Leg., R.S., ch. 113, '' 1, 4, 1953 Tex. Gen. Laws 400, 400-01; Act of
May 11, 1999, 76th Leg., R.S., ch. 438, ' 1,
1999 Tex. Gen. Laws 2816, 2816; repealed, Act of May 22, 2001, 77th
Leg., R.S., ch. 1419, ' 31(b)(3), 2001 Tex. Gen. Laws 3658, 4208, eff.
June 1, 2003; now codified at Tex. Ins.
Code Ann. '' 1103.002, 1103.053.





[6]  McCall=s
response to the motion incorrectly cites sections 1103.002 and 1103.053, which
were not in effect until after Les=s
death.





[7]  See, e.g., Drane, 139 Tex. at 104, 161
S.W.2d at 1058B59; Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274
(1894); Goldbaum v. Blum, 79 Tex. 638, 15 S.W. 564 (1891); Price v.
Supreme Lodge, Knights of Honor, 68 Tex. 361, 4 S.W. 633, 634 (1887).





[8]  Certain Underwriters at Lloyd=s London v. Smith, 77 S.W.3d 859 (Tex. App.CHouston
[14th Dist.] 2002), vacated, No. 14-00-00391-CV, 2002 WL 31235437 (Tex.
App.CHouston [14th Dist.] Oct. 3, 2002) (per curiam)  (mem.
op.), and op. withdrawn on reh=g, 93 S.W.3d 657 (Tex. App.CHouston [14th Dist.] 2002) (per curiam).





[9]  Although the Children do refer to one case that
actually enforced article 3.49-1, they appear to overlook the holding of the
case, citing it only for its quotation of Drane.  See Empire Life
Ins. Co. of Am. v. Moody, 584 S.W.2d 855, 860 (Tex. 1979) (AMoody applied for the policies in question and
designated Empire as beneficiary and owner.  As such, under the provisions
of [article 3.19-1], Empire Ashall at all times thereafter have an insurable interest.@) (emphasis
added).





[10]  Although McCall erroneously cited to the successor
statutes, opposing counsel correctly stated at the hearing on the motion that
the later provision Aactually just restates what 349-1 of the old insurance
code stated anyway . . . .@