Mary Linda McCALL, Appellant,

v.

David Wayne SMITH, Ryan Dylan Williams, Anna Elaine Harris, and Dana L. Mayor (f/k/a Dana L. Monford), Individually and as Temporary Administrator of The Estate of Leslie H. Williams, Jr., Appellees.

No. 14–07–00032–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 2008.

Rehearing Overruled May 29, 2008.

Tom C. McCall, Austin, for appellant.

William S. Chesney III, for David Smith and Dana Monford.

Gary F. Cerasuolo, Harold N. May, Michael J. Cenatiempo, William S. Chesney, III, Houston, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

EVA M. GUZMAN, Justice.

Four years after Les Williams and appellant Mary Linda McCall ended their marriage of twenty-five years, Williams purchased a $250,000 life insurance policy, naming McCall as his beneficiary. After his death, two of Williams's three surviving children successfully argued to the probate court that McCall had no insurable interest in Williams's life, and thus, the insurance proceeds should be paid to them. Because Williams applied for the insurance policy four years after the divorce and placed no restrictions on his designation of McCall as his beneficiary, we conclude that she has an insurable interest under article 3.49–1 of the Texas Insurance Code. Ac-

cordingly, we reverse the trial court's judgment, render judgment that McCall is entitled to the proceeds and interest under the policy, and remand for a determination of costs and attorneys' fees, if any, to be awarded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

McCall and Les Williams were married on March 5, 1965 and divorced in 1990. Under the terms of their Agreement Incident to Divorce, Williams agreed to pay McCall alimony through March 6, 2001 and to maintain a life insurance policy naming McCall "as irrevocable beneficiary to a portion of the proceeds on such policy in a face amount sufficient to pay the then-remaining alimony payments . . . as they become due."

On March 30, 1994, Williams applied to Equitable Variable Life Insurance Company for a new $250,000 life insurance policy to replace a different policy. He designated "Linda M. [McCall], ex-wife" as sole beneficiary.[1] The policy was issued on April 8, 1994, but was effective March 28, 1994. The policy contains the following relevant terms:

> **Beneficiary.** The beneficiary is as stated in the application, unless later changed. The beneficiary is entitled to the Insurance Benefit of this policy. . . . The stated shares in the Insurance Benefit will be paid to any primary beneficiaries who survive the insured person. If no primary beneficiaries survive, payment will be made to any surviving contingent beneficiaries. . . . If there is no designated beneficiary living at the death of the insured person, we will pay the Insurance Benefit to the insured person's surviving children in equal shares. If none survive, we will pay the insured person's estate.

> **Changing the Owner or Beneficiary.** While the insured person is living, you may change the owner or beneficiary by written notice in a form satisfactory to us. (You can get such a form from our agent or by writing to us at our Administrative Office.) The change will take effect on the date you sign the notice. But, it will not apply to any payment we make or other action we take before we receive the notice.

On April 8, 1994, Williams married Anna Harris. On or about September 3, 1996, Williams wrote to his insurance agent about proposed changes to the beneficiary designation. Williams proposed to limit McCall's interest in the insurance proceeds to an amount equal to the remaining alimony requirements, with the balance of the proceeds going to his wife, Harris. Two days later, Williams's agent responded that Williams would need to complete a "change of beneficiary" form; a blank form was enclosed with the correspondence. There is no evidence in the record that Williams responded to this communication. Moreover, appellees admit that Williams never formally changed the beneficiary designation.

In March 2000, during his divorce from Harris, Williams wrote to his attorney listing items that he wanted to retain in the divorce. He included "[t]hree Life Insurance Policies with Equitable and Mid Continent Life . . . in the amounts of $250,000, $100,000 and $100,000 respectively. One of the $100,000 [sic] is required to be used as collateral in my payments to [McCall] under court order."[2] Williams's divorce

---

1. Appellees do not treat this as a renewal of a policy in existence during the marriage, but note in their motion for summary judgment that Les and McCall were divorced at the time Les obtained the policy.

2. At that time, Williams's remaining alimony obligation was less than $100,000.

from Harris was finalized in November 2001, and Williams retained the insurance policies.

On June 25, 2002, Williams died. Equitable Insurance[3] filed an interpleader in the probate proceedings and paid the proceeds of the $250,000 policy into the registry of the court. Williams's three children were added to the suit. Two of Williams's children—David Smith and Dana Mayor, f/k/a Dana Monford (collectively, "the Children")—actively sought recovery of the policy proceeds.[4] McCall and the Children filed cross-motions for summary judgment, seeking the proceeds, a declaration of rights under the policy, and attorneys' fees. The trial court ruled in favor of the Children, and this appeal ensued.

## II. ISSUES PRESENTED

In six compound issues, McCall argues that the trial court erred in granting the Children's motion for summary judgment and denying her motion for summary judgment.

## III. STANDARD OF REVIEW

█ Traditional summary judgments are subject to de novo review. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). Such summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we review all summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005).

## IV. ANALYSIS

### A. Governing Law

At common law, those held to have an insurable interest in the life of another were traditionally grouped into three general classes: (1) one so closely related by blood or affinity that he wants the other to continue to live, irrespective of monetary considerations; (2) a creditor; and (3) one having a reasonable expectation of pecuniary benefit or advantage from the continued life of another. *Drane v. Jefferson Standard Life Ins. Co.,* 139 Tex. 101, 104, 161 S.W.2d 1057,1058–59 (1942). Over time, however, the Texas Legislature has expanded the classes of insurable interests. *Allen v. United of Omaha Life Ins. Co.,* 236 S.W.3d 315, 322–23 (Tex.App.-Fort Worth 2007, pet. denied); *Stillwagoner v. Travelers Ins. Co.,* 979 S.W.2d 354, 358–59 (Tex.App.-Tyler 1998, no pet.). Since at least 1953, the Texas Legislature has provided that any person of legal age may apply for life insurance and designate any person or legal entity as the beneficiary. That beneficiary, with exceptions inapplicable here, "shall at all times thereafter have an insurable interest in the life of such person...." TEX. INS. CODE ANN. art. 3.49–1, §§ 1, 2 (Vernon 1981).[5] The Legislature further provided, "This Act shall be liberally construed to effectuate its

---

**3.** The insurer was known by another name at this time.

**4.** The third child, Ryan Williams, is the child of McCall's marriage to Williams. Although Ryan did not move for summary judgment, his name was added to the judgment, and McCall does not challenge the judgment on that basis.

**5.** Act of April 30, 1953, 53rd Leg., R.S., ch. 113, §§ 1, 4, 1953 Tex. Gen. Laws 400, 400–01; Act of May 11, 1999, 76th Leg., R.S., ch. 438, § 1, 1999 Tex. Gen. Laws 2816, 2816; *repealed,* Act of May 22, 2001, 77th Leg., R.S., ch. 1419, § 31(b)(3), 2001 Tex. Gen. Laws 3658, 4208, eff. June 1, 2003; now codified at TEX. INS. CODE ANN. §§ 1103.002, 1103.053.

purposes, and its provisions are not to be limited or restricted by previous declarations or holdings of the Courts of Texas defining the term insurable interest." *Id.* § 4.

### B. Children's Motion for Summary Judgment

█ In their motion for summary judgment, the Children make no mention of the governing statute, but argue instead that McCall is a creditor beneficiary whose insurable interest cannot exceed the debt secured by the policy. They reason that, because McCall has been paid all of the alimony that Williams was ordered to pay, she no longer has an insurable interest in the policy proceeds. In support of this argument, they rely on *McBryde v. Curry*, 914 S.W.2d 616, 618 (Tex.App.-Texarkana 1995, writ denied). *McBryde*, however, is inapposite. In that case, the insured specifically denoted a particular beneficiary as a creditor, and limited her recovery to the extent of the debt. *Id.* at 618 (the insured expressly limited the extent of the beneficiary's recovery, writing, "two[-] fifths to Vivian R. Curry, *as her interest as creditor of McBryde may appear*") (emphasis added). Here, however, Williams included no such limitation. His designation included no mention of the Agreement Incident to Divorce, alimony payments, or any date or

circumstance that would limit or terminate McCall's insurable interest.

Moreover, none of the authorities on which the Children relied to support their motion are inconsistent with the application of article 3.49–1.[6] Four of the cases they cited predate this enactment.[7] They also rely on a case in which the holding was vacated and the opinion withdrawn.[8] In another case on which they rely, this court expressly stated,

> Sections 2 and 3 [of article 3.49–1] allow an applicant for insurance on his own life to name anyone as a beneficiary and those beneficiaries so designated will then be deemed to have an insurable interest. TEX. INS. CODE ANN. art. 3.49–1, §§ 2–3 (Vernon 1981). These provisions do not apply here because the insured persons did not apply for the insurance and did not designate [their employer] as their beneficiaries.

*Tamez v. Certain Underwriters at Lloyd's, London, Int'l Accident Facilities, Inc.*, 999 S.W.2d 12, 17 n. 3 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (emphasis added). Unlike the situation presented in *Tamez*, however, the insured person in this case did apply for the insurance policy at issue and did designate the named beneficiary. Thus, the facts of this case fall squarely within the language of article 3.49–1.[9]

---

**6.** McCall's response to the motion incorrectly cites sections 110.002 and 1103.053, which were not in effect until after Les's death.

**7.** *See, e.g., Drane*, 139 Tex. at 104, 161 S.W.2d at 1058–59; *Cheeves v. Anders*, 87 Tex. 287, 28 S.W. 274 (1894); *Goldbaum v. Blum*, 79 Tex. 638, 15 S.W. 564 (1891); *Price v. Supreme Lodge, Knights of Honor*, 68 Tex. 361, 4 S.W. 633, 634 (1887).

**8.** *Certain Underwriters at Lloyd's London v. Smith*, 77 S.W.3d 859 (Tex.App.-Houston [14th Dist.] 2002), *vacated*, No. 14–00–00391–CV, 2002 WL 31235437 (Tex.App.-Houston [14th Dist.] Oct. 3, 2002) (per curiam) (mem.

op.), *and op. withdrawn on reh'g*, 93 S.W.3d 657 (Tex.App.-Houston [14th Dist.] 2002) (per curiam).

**9.** Although the Children do refer to one case that actually enforced article 3.49–1, they appear to overlook the holding of the case, citing it only for its quotation of *Drane*. *See Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 860 (Tex.1979) ("Moody applied for the policies in question and designated Empire as beneficiary and owner." As such, *under the provisions of [article 3.19–1], Empire "shall at all times thereafter have an insurable interest.*") (emphasis added).

We conclude that the Children failed to prove their entitlement to the insurance proceeds as a matter of law. Accordingly, we sustain McCall's first, second, and third issues.

### C. McCall's Motion for Summary Judgment

McCall moved for summary judgment on the grounds that Williams named her as his beneficiary without restriction and never changed that designation. Consequently, McCall has an insurable interest in Williams's life. Under article 3.49–1, which governs this case, she established her right to recover as a matter of law.[10]

### E. Attorneys' Fees

Both sides requested declaratory judgment, and both sides requested attorneys' fees pursuant to the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997) ("[I]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). In light of our reversal of the trial court's summary judgment and our rendition of judgment in favor of McCall, we reverse the award of attorneys' fees and costs and remand the case solely for consideration of the costs and reasonable, necessary, equitable, and just attorneys' fees, if any, to award to any party. TEX. R. APP. P. 43.3; *Young v. Qualls*, 223 S.W.3d 312, 314–15 (Tex.2007) (per curiam); *Neeley v. W. Orange–Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 799 (Tex.2005).

### V. CONCLUSION

Because Williams applied for the insurance policy at issue after his divorce and designated McCall as his life insurance beneficiary without restriction, she has an insurable interest and is entitled to the insurance proceeds. Accordingly, we reverse the judgment of the trial court, render judgment in favor of appellant Linda McCall, sever the issue of attorneys' fees and costs, and remand for the trial court to determine the appropriate award, if any, pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

---

**10.** Although McCall erroneously cited to the successor statutes, opposing counsel correctly stated at the hearing on the motion that the later provision "actually just restates what 349–1 of the old insurance code stated anyway...."