Opinion filed October 31, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00092-CV

_____

**DIXEY EVANS, Appellant**

**V.**

**GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY, Appellee**

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Cause No. CCCV10-00710A**

## M E M O R A N D U M   O P I N I O N

Dixey Evans appeals from a summary judgment against her and in favor of Globe Life and Accident Insurance Company. The trial court held as a matter of law that Evans had no legal claim to the proceeds from two life insurance policies that insured the lives of her two adult children, C.E. Jones (Chance) and David Nelson Jones II (David II).

Upon Chance's and David II's accidental and tragic deaths that occurred less than six months apart, Globe Life paid the full benefit of the two policies to Connie Jones, Chance's and David II's stepmother and the current wife of their father, David Nelson Jones. Connie was the named beneficiary in each policy, but Appellant asserts that Globe Life was prohibited from paying Connie because Connie had no insurable interest in Chance and David II and because Chance and David II had not signed the policies or a beneficiary designation that named Connie as beneficiary to each policy. We affirm.

## I. *Background Facts*

David Nelson Jones owned and operated a company called Jones Drilling, Inc. David's three sons—Eli Eric Wayne Jones (Eli), Chance, and David II—all worked for him at Jones Drilling. All three sons owed their father money, so on his authority, Connie applied to Globe Life for life insurance policies on Eli, Chance, and David II.[1] Jones Drilling paid for the policies, and Connie thought that there was a death benefit of $30,000 on Chance's and David II's policies, but the policies each paid a total benefit of $175,000 in the event of an accidental death. Chance and David II were both employed by Jones Drilling at the time the policies were issued; David II was the company's only driller. Chance and David II were still employed by Jones Drilling at the time of their respective deaths. The two policies named Connie Jones as the sole designated beneficiary. Both Chance and David II knew about the policies, but neither Chance nor David II signed the policies; they also did not complete a designated beneficiary form naming a beneficiary.

David II and Chance died in two separate accidents in 2008: David II died in an accident on July 7, 2008, and Chance died in an accident on December 13,

---

[1] Eli died four years before Chance and David II, and his tragic death is not part of this case.

2008. At the time of his death, David II was married to Stephanie Jones, with whom he had a minor son, A.J. Chance was not married and had no children. After David II's death, Connie filed a claim with Globe Life, and it paid her $175,000, the full benefit under the policy that insured him. After Chance's death, Connie also made a claim with Globe Life, and it paid Connie $175,000, the full benefit under the policy that insured Chance. Connie deposited the entire $350,000 in life insurance proceeds into Jones Drilling's bank account.

Stephanie was aware of the policy that insured her husband, David II, but she did not notify Globe Life of her or A.J.'s purported interests in the policy prior to Globe Life's payment of the proceeds to Connie. Appellant did not know that the policies existed until after Connie had received the proceeds from Globe Life for both policies. Appellant did not inform Globe Life that she disputed Globe Life's payment of the policies' benefits to Connie before Globe Life paid those benefits to Connie.

## II. *Procedural History*

Appellant initiated the underlying suit by seeking a divorce and partition of property held by David Nelson Jones.[2] Appellant added Globe Life as a defendant after learning that Globe Life had paid insurance proceeds to Connie. Appellant alleged that Connie lacked an insurable interest under the Globe Life policies; that Appellant was entitled to payment from Globe Life under the policy that had insured Chance; and that Stephanie, individually and as next friend of A.J., should be paid the benefits under the policy that had insured David II. Stephanie, whom Appellant had named as a defendant in Appellant's suit, brought cross-claims against Globe Life and Connie and asserted that Connie lacked an insurable interest in the life of David II. Stephanie sought the imposition of a constructive

---

[2]Although Appellant brought suit seeking a divorce, there is evidence that her marriage to David Nelson Jones had previously been annulled.

3

trust on the proceeds of the policy insuring her husband's life to be held for the benefit of her son and herself as the only heirs of David II.

Globe Life moved for summary judgment against Appellant and Stephanie, requesting that the trial court order that Appellant and Stephanie take nothing on their claims against Globe Life. Globe Life asserted that it was discharged from liability because it properly paid all benefits owed under the policies to Connie— the designated beneficiary with an insurable interest—without having received notice of an adverse claim.

The trial court granted Globe Life's motion for summary judgment and entered a take-nothing judgment against Appellant and Stephanie on their claims against Globe Life. The trial court later severed the causes of action against Globe Life, and Appellant filed this appeal.[3]

### III. *Issue Presented*

Appellant argues that the trial court erred when it entered summary judgment in favor of Globe Life because Connie had no insurable interest in Chance and David II. In addition, Appellant argues that, under the Texas Insurance Code, Globe Life was prohibited from paying life insurance proceeds to a beneficiary named in the policy because the insured did not sign the policy application or designate in writing a named beneficiary.

### IV. *Standard of Review*

Globe Life moved for traditional summary judgment, but it also included a paragraph in its motion that asserted there was "no evidence" that it had wrongfully paid Connie. It also asserted in the same paragraph that Appellant had no legal basis, and no evidence, to claim that she was entitled to recover monies from Globe Life. The standard of review for summary judgments under Texas

---

[3]Stephanie did not appeal from the trial court's summary judgment.

4

Rule of Civil Procedure 166a is well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

The movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When summary judgment is granted on traditional grounds, we take the evidence adduced in favor of the nonmovant as "true" and draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)).

The party that files a no-evidence motion for summary judgment alleges there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The adverse party then must respond with evidence to raise a genuine issue of material fact on each of the challenged elements in the claim or defense. *See id.* A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

With a no-evidence motion, we review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* at 751 (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). A no-evidence summary judgment is improperly granted if the respondent

5

brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* (citing TEX. R. CIV. P. 166a(i) and *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm.*, 953 S.W.2d at 711).

## V. *Analysis*

### A. *Connie's Insurable Interest by Affinity*

Appellant contends that Globe Life improperly paid the benefits of the two policies to Connie, the sole beneficiary named in the policies, because Connie did not have an insurable interest in Chance or David II. Globe Life asserts that Connie had an insurable interest in the policies as a matter of law and that Globe Life was discharged from liability because it paid the proceeds of the policies to Connie, as the named beneficiary, without having received notice of an adverse claim to the proceeds of the policies.

Traditionally, Texas courts have prohibited a person from purchasing an insurance policy on the life of another if that person does not have an insurable interest on the life of the insured. *Cheeves v. Anders*, 28 S.W. 274, 275 (Tex. 1894). This insurable interest must be continuing; in other words, the named beneficiary must have an insurable interest in the insured's life when the policy is issued and when the insured dies. *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 322 (Tex. App.—Fort Worth 2007, pet. denied). Two public policy concerns justify this theory of law: we should not promote a practice that encourages one to take another's life, and no one should be permitted to wager on the life of another. *Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App.—Fort Worth

6

2008, pet. denied); *Stillwagoner v. Travelers Ins. Co.*, 979 S.W.2d 354, 358 (Tex. App—Tyler 1998, no pet.).

The Texas Supreme Court has recognized three classes of persons who, under common law, have an insurable interest in the life of another: "(1) one so closely related by blood or affinity that he wants the other to continue to live, irrespective of monetary considerations; (2) a creditor; and (3) one having a reasonable expectation of pecuniary benefit or advantage from the continued life of another." *Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 859 (Tex. 1979). With respect to the first class of persons, affinity is defined as "[t]he relation that one spouse has to the blood relatives of the other spouse" or "[a]ny familial relation resulting from a marriage." BLACK'S LAW DICTIONARY 70 (10th ed. 2014).

Furthermore, Section 573.024 of the Government Code provides that two individuals are related to each other by affinity if they are married to each other or "the spouse of one of the individuals is related by consanguinity to the other individual." TEX. GOV'T CODE ANN. § 573.024(a) (West 2012). This section of the Government Code is cross-referenced as the proper definition of affinity by portions of the Insurance Code, Estates Code, and Family Code. *See* TEX. INS. CODE ANN. § 4101.056(c) (West Supp. 2014); TEX. EST. CODE ANN. § 123.051(2-a) (West 2014); TEX. FAM. CODE ANN. § 71.003 (West 2014).

Connie was married to Chance and David II's biological father at the time the policies were issued and at the time of their respective deaths. By any of the definitions provided above, Connie was related to the deceased by affinity. Thus, as a matter of law, Connie had an insurable interest in Chance and in David II.

*B. Texas Insurance Code §§ 1103.102, 1103.103, 1103.054, 1103.056*

Appellant also argues that Globe Life is not entitled to a discharge of liability under Section 1103.103 of the Texas Insurance Code because the

7

decedents did not designate Connie as a beneficiary under the policies; Appellant argues that Connie cannot have an insurable interest because her designation as beneficiary was not made by the decedents and the decedents did not sign the policies. *See* INS. § 1103.103 (West 2009). Globe Life responds that Section 1103.103 has no application to the facts of this case because it applies only to an insurer that pays life insurance proceeds to a third-party beneficiary designated in writing by an insured as permitted under Section 1103.056 of the Texas Insurance Code. Globe Life relies upon Texas common law, as discussed above, as the basis for Connie's insurable interest.

Sections 1103.102 and 1103.103 relate to an insurance company's payment to a beneficiary designated in accordance with the Insurance Code and to an insurance company's discharge of liability. Section 1103.102(a) provides that, "if an individual obtains a policy insuring the individual's life, designates in writing a beneficiary to receive the proceeds of the policy, and files the written designation with the company, the company shall pay the proceeds that become due on the death of the insured to the designated beneficiary." *Id.* § 1103.102(a). Section 1103.103 of the Insurance Code provides that "a company that issues a life insurance policy is discharged from all liability under the policy if the company pays the proceeds of the policy to a designated beneficiary under Section 1103.102(a)" and the company has not received notice of an adverse claim to the policy proceeds. *Id.* § 1103.103.

Section 1103.054 of the Texas Insurance Code provides that an "individual" may "apply for a policy insuring the individual's life" and "designate in writing in the application for the policy any individual, partnership, association, corporation, or other legal entity as . . . a beneficiary of the policy." *Id.* § 1103.054. Section 1103.056 provides that an individual of legal age may "consent to the purchase of or application for an individual or group life insurance policy by a

8

third party" and "designate or consent to the designation of any individual, partnership, association, corporation, or other legal entity as . . . a beneficiary of the policy." *Id.* § 1103.056.

Appellant's argument is that the only way for a third party to purchase or apply for a policy insuring the life of another is by satisfying the requirements of Section 1103.054 or 1103.056. This argument contravenes the common law and would create a new requirement for the common-law insurable interest classifications in the context of third-party purchasers of life insurance policies. In enacting the provisions relied upon by Appellant, the legislature provided a method for individuals to create an insurable interest for the benefit of *any* person or entity properly designated as a beneficiary by the insured. In doing so, the legislature established a new class of insurable interest holder; it did not create a new requirement for designating a beneficiary if that beneficiary otherwise has an insurable interest under the common law. A similar approach has been followed by our sister courts. *See McCall v. Smith*, 252 S.W.3d 663, 665 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Allen*, 236 S.W.3d at 322–23; *Stillwagoner*, 979 S.W.2d at 358–59.

We find no reason to interpret Sections 1103.054 and 1103.056 to place a limitation on a third party's ability to purchase a policy insuring the life of another if the third party has an insurable interest under the common law. We decline to adopt Appellant's interpretation that Section 1103.056 has added requirements to the common law on insurable interests. As we have previously explained, Connie had an insurable interest in the lives of the deceased as a matter of law, and she was entitled to collect the proceeds of the life insurance policies in which she was named the beneficiary. Because Globe Life properly paid the proceeds of the policies to Connie without having received notice of any adverse claim, it was discharged from any liability as to Appellant. We overrule Appellant's sole issue.

9

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

October 31, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.